## Jackson Cook, Appellee, v. City of Du Quoin, Appellant.

Opinion filed February 12, 1930.

M. C. Cook and L. A. Cranston, for appellant.

Max E. Hanson and W. O. Edwards, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

This is an appeal from a decree enjoining appellant from polluting a natural watercourse on appellee's property and assessing damages in favor of appellee in the sum of $1,200.

The amended bill avers that appellee is the owner of a farm with improvements thereon used as a residence by appellee and his family; that appellant is a city of 10,000 inhabitants and had constructed a sewer system, the main outlet of which is into Reese Creek

on the outskirts of the city; that Reese Creek is a natural watercourse, flowing through appellee's premises and at the time appellee acquired his farm, was suitable for watering stock; that as a result of the emptying of said sewage into Reese Creek, said watercourse has become contaminated and polluted so that it can be no longer used by appellee; that noxious odors are continually emitted from said stream which flows within a few yards of appellee's dwelling and as a result appellee has been deprived of the comforts and enjoyment of his home; that his health and that of his family are greatly endangered and as a result of such condition, which had existed for more than five years prior to the filing of the bill, appellee has suffered damages.

The bill charged the Du Quoin Packing Company, a defendant in the court below, with contributing to the contamination of said stream, but the jury and the court found the Packing Company not guilty of such nuisance.

The answer of appellant denied the material allegations of the bill and alleged that if the water in the creek had become polluted, as charged in the said bill, the same was occasioned by other towns and villages in discharging sewage into said creek.

At the request of the defendants the court impaneled a jury to determine the facts. The jury returned a verdict finding appellant guilty of creating and maintaining a continuing nuisance as charged in the bill and assessed appellee's damages at $1,750, and finding the Du Quoin Packing Company not guilty.

The evidence shows that appellee moved upon the premises in question about the year 1920 and occupied the same with his family as a home; that the creek is about 40 yards from his house and three miles upstream was located the packing plant of the Du Quoin Packing Company; that the City of Du Quoin has about 10,000 inhabitants and some time prior to 1920

had constructed a sewer system, with a septic tank located above the packing plant and discharged the sewage through a tile sewer into a ditch leading to Reese Creek.

For some years after appellee moved onto his premises he used the water in the creek for watering stock, but for five years prior to the filing of the bill he had been unable to use it for that purpose; that by reason of the stream being used for a sewage outlet, the stream had become contaminated and noxious odors arose therefrom, particularly in the summertime. At times the family had to leave the home, being unable to sleep, and the odors were such as to render the members of the family sick; that the water in the stream was filled with sediment, sewage, and other deleterious elements which killed the fish in the stream and rendered the water unfit for farm uses.

Seventeen persons, who lived in the immediate neighborhood of the creek in question, were called as witnesses and substantiated the allegations of appellee's bill.

From a review of the evidence in the record we are of the opinion that the chancellor was amply justified in reaching the conclusion that appellant was guilty of creating and maintaining a nuisance by the pollution of the natural stream which flowed across appellee's farm, and that the law and evidence justified the court in directing appellant to abate the nuisance.

It is the right of every owner of land over which a stream of water flows, to have it flow in its natural state and with its quality unaffected. It is a part of the freehold, of which the owner cannot be disseized except by due process of law, and the pollution of a stream constitutes the taking of property, which may not be done without compensation. *City of Kewanee v. Otley,* 204 Ill. 402.

Appellant did not attempt to offer any evidence which would refute that of appellee, but the only

offered proof on behalf of appellant, refused to be heard by the chancellor, was that other sources than that chargeable to appellant may have been responsible for contributing to the pollution of Reese Creek, a natural watercourse. Though other wrongful acts than that of the defendant city may have been responsible for the collection of this objectionable sewage, such fact furnishes no defense to the defendant city, if it in fact contributed to the nuisance complained of and participated in the pollution of the water that caused injury to appellee. *City of Kewanee v. Otley, supra.*

Where the acts of several persons, although separate and distinct as to time and place, culminate in producing a public nuisance, which injures the person or property of another, they are jointly and severally liable. 20 R. C. L. 397; *Fox v. City of Joliet,* 150 Ill. App. 491.

At the request of appellant the court impaneled a jury to try the issues as to the existence of the nuisance charged in the bill and for the purpose of determining appellee's damages, if any, resulting from such nuisance. The jury heard the evidence and returned a verdict finding that appellant was guilty of the nuisance charged in the bill and found appellee's damages to be the sum of $1,750. The jury further found the Du Quoin Packing Company not guilty. The court in its decree found that the verdict of the jury was supported by the evidence on the question of appellant's creating and maintaining a nuisance, but found that appellee's damages resulting from such nuisance were only $1,200. The decree directed that defendant city abate the nuisance within one year from the date of the decree.

Appellant urges that the jury were not properly instructed by the court and that the damages are excessive.

The verdict of a jury in a chancery case, where the issue is not required by the statute to be submitted to

a jury, is merely advisory, and it is discretionary with the chancellor to accept or reject the verdict, as he believes justice requires. *Biggerstaff v. Biggerstaff,* 180 Ill. 407. The court did not enter a *pro forma* decree based upon the verdict of the jury, but, instead, made its own independent findings and disregarded the verdict as to the damages found. Accordingly no special importance is to be given to the instructions or the finding of the jury. The only question for review is whether the evidence supports the decree and did the court reject competent evidence. *Titcomb v. Vantyle,* 84 Ill. 371; *Guild v. Hull,* 127 Ill. 523.

The bill charges that the acts of appellant in polluting the creek in question occasioned noxious and offensive odors which rendered appellee's home unfit to occupy for himself and family, dangerous to their health, as well as occasioning great physical discomfort; that appellee was unable to use his land for pasturage and farming purposes and that he had been unlawfully deprived of the comfort and enjoyment of said premises. The undisputed proof shows that, during the period of five years prior to filing the bill, appellant was guilty of maintaining a continuing nuisance by the polluting of said stream; that appellee suffered the constant annoyances and injuries charged in said bill to have been occasioned to his property and family; that during such period the physical discomforts to himself and family constantly increased by reason of the continued unlawful acts of appellant. No claim was made in the bill, or proofs, as to permanent damage to appellee's real estate and the jury were instructed that the measure of damages was compensation for physical discomfort and deprivation of the comfortable enjoyment of a home, and it is clearly evident that the chancellor allowed compensation to appellee based upon this theory.

Where the injury is physical discomfort and results in deprivation of the comfortable enjoyment of a home,

the measure of damages is not the depreciation in the rental value of the premises but compensation for such physical discomfort and deprivation of the use and comforts of home and is to be determined by the sound judgment, experience and discretion of the court or jury that may be called to determine such question in view of the facts in each particular case. *Baltimore & P. R. Co. v. Fifth Baptist Church,* 108 U. S. 318; *Gempp v. Bassham,* 60 Ill. App. 84; *Illinois Cent. R. Co. v. Grabill,* 50 Ill. 241; *Fairbank Co. v. Nicolai,* 167 Ill. 242.

Appellant further contends that appellee would not be entitled to recover for consequential damages resulting from a public sewer where the evidence fails to show that the same was not carefully constructed or prudently operated. The mere fact that such sewer, with its septic tank and outlet, was built in the usual and customary manner, does not relieve appellant of its legal duty to prevent injury to appellee's property resulting from the pollution of said natural watercourse by reason of the same being used as a means for disposal of sewage controlled by appellant. Such sewage disposal methods adopted by appellant were unlawful and it was the city's duty to have abated them. *City of Kewanee v. Otley, supra.*

After careful review of the record we are of the opinion that the decree of the court below is supported by the evidence and that the court did not err in its rulings, and that said decree should be affirmed.

*Affirmed.*