(No. 4921—

W. G. CRITES AND BERTHA CRITES, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1964.*

ALLEN AND ALLEN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimants, W. G. Crites and Bertha Crites, seek recovery of $43,050.00 for alleged damage to the value of their real estate resulting from actions by the State of Illinois.

Claimants allege that since prior to 1954 they owned, in joint tenancy, Lots Two and Four in County Clerk's

Subdivision of the Southwest Fractional Quarter (SWFR ¼) of Section 8, Township 19 North, Range 11 West of the 2nd P. M. in Vermilion County.

They further allege that in 1954 respondent sought to acquire title to a portion of Lot 2 for the purpose of improving U.S. Route No. 150, also known as Illinois State Bond Issue Route No. 1, along the westerly boundary of Lot 2; that, in negotiations for such title, the State entered into an agreement to pay to claimants a sum of money for the portion taken, and for damages to that portion not taken. In addition thereto, and as part of the consideration thereof, respondent allegedly agreed to replace one large existing driveway giving Lot 4 access to the westerly side of Route No. 150 with two new driveways or accesses from said highway to Lot 4; that pursuant to the agreement the State did construct the improvements to the highway, including the accesses or driveways to Lot 4; that thereafter, on or about July 8, 1958, the State of Illinois caused the driveways to be torn out, and a solid curbing built the entire length of Lot 4 along the highway without the knowledge, consent, or approval of claimants, thereby depriving claimants of all direct access from said Lot 4 to the highway, and thus lessening the value of Lot 4.

Claimants further contend that Lot 2, described above, is bounded on the north and west by the Big Vermilion River, which flows in a northeasterly direction along the west boundary of said tract; that, immediately west thereof said river is crossed by a bridge erected on Illinois State Bond Issue Route No. 1; that said Big Vermilion River is a natural water course, and at all times claimants have been entitled to the unobstructed flow of said waters along the boundary of the above described property; that the State of Illinois entered into contract with the McCalman Construction Company, a Corporation, to construct a new

bridge across said Big Vermilion River immediately west of the property above described, which contract contained a provision for removal of the existing structure, and provided that there should be incorporated into said contract by reference the standard specifications for road and bridge construction promulgated by the State of Illinois Department of Public Works and Buildings, Division of Highways; that, in violation of the requirements of said contract and standard specifications, the State of Illinois permitted the McCalman Construction Company to deposit said existing structure in the bed of the Big Vermilion River instead of removing the same, thereby altering the force and direction of the current of said Big Vermilion River, and, as a direct and proximate result thereof, claimants' land has been subjected, and is being subjected to excessive erosion along the boundary thereof, and during periods of high waters has been, and is being subjected to flooding to the damage of claimants.

That the right of access to an existing public street or highway is a valuable property right, which cannot be taken away or materially impaired without just compensation, has been established in Ill. Rev. Stats., Chap. 121, Sec. 2-210; *Department of Public Works and Buildings* vs. *Mabee*, 22 Ill. (2d) 202; *Department of Public Works and Buildings* vs. *Wolf*, 414 Ill. 386, 111 N. E. (2d) 322; and *Ill. Malleable Iron Co.* vs. *Com'rs of Lincoln Park*, 263 Ill. 446, 105 N. E. 336.

It has further been determined that it is the right of every owner of land, over which a stream of water flows, to have it flow in its natural state and with its quality unaffected. (*Cook* vs. *City of DuQuoin*, 256 Ill. App. 452, and *Fenwick* vs. *Bluebird Coal Co.*, 12 Ill. App. (2d) 464.)

It is not a simple task to evaluate what damage, if any, was caused to claimants' properties by respondent's actions.

In original hearings a wide disparity resulted from the conflicting appraisals of various "experts." To more equitably resolve this issue, it was necessary to hold supplemental hearings, and an independent investigation as well was undertaken by Commissioner John P. Simpson.

The measure of damages, if any, is the difference between the fair cash market value of the property immediately after the improvement. *Tipps* vs. *State of Illinois*, 21 C.C.R. 581 at 584. (Improvements in this case were made approximately in July, 1958.)

We find that the removal of access in this instance did in fact limit the full and unobstructed use of claimants' property. It is still, however, extremely valuable property. In our opinion the reasonable differential in market value immediately before and after the actions of respondent is $5,000.00.

We are also of the opinion that six acres of Lot 2 were in fact damaged by respondent's activities in the adjacent river. We find that claimant suffered a loss of $1,500.00 in the value of said property.

We, therefore, award to claimants the sum of $6,500.00.