THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GENO FIORINI, d/b/a Cook's Trailer Court, *et al.*, Defendants-Appellants (Geno Fiorini *et al.*, Defendants and Counterplaintiffs-Appellants; The City of Ottawa *et al.*, Third–Party Defendants-Appellees; The United States of America, Housing and Urban Development Agency, *et al.*, Third-Party Defendants).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. GENO FIORINI, d/b/a Cook's Trailer Court, *et al.*, Defendants-Appellants (Geno Fiorini *et al.*, Defendants and Counterplaintiffs-Appellants; The City of Ottawa *et al.*, Third–Party Defendants-Appellees; The United States of America, Housing and Urban Development Agency, *et al.*, Third-Party Defendants).

Third District   Nos. 3—87—0865, 3—88—0050 cons.

Opinion filed December 15, 1989.

STOUDER, J., dissenting.

Gerald M. Hunter, Ltd., of Oglesby (Gerald M. Hunter, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Nancy J. Rich and J. Jerome Sisul, Assistant Attorneys General, of Chicago, of counsel), for the People.

Michael T. Reagan and Karen C. Eiten, both of Herbolsheimer, Lannon, Henson, Duncan & Reagon, of Ottawa (Richard Hunsaker, of counsel), for appellee Trustees of Ottawa Elementary School District No. 141.

John A. Hayner, of Ottawa, for appellee City of Ottawa.

Edward J. Kuleck, Jr., of Ottawa, for appellees Richard Thompson and Glen Thompson.

Douglas J. Pomatto and Richard K. Hunsaker, both of Heyl, Royster, Voelker & Allen, of Rockford, for appellee Zion Lutheran Church.

JUSTICE HEIPLE delivered the opinion of the court:
The State of Illinois filed a complaint on August 13, 1986, alleging

that the defendants-counterplaintiffs, Geno and Bernardine Fiorini, permitted waste consisting of demolition debris, tires, wood, appliances, scrap metal, and steel drums to be deposited into and near a ravine located behind their trailer park located approximately three-fourths of a mile west of Ottawa, Illinois. The disposal site is not licensed as a sanitary landfill, thus violating the open dumping provision of section 21 of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1021). The relief requested in the State's complaint included an injunction prohibiting the defendants from disposing any further waste at the site, an injunction requiring the defendants to remove all waste improperly stored, a civil penalty under the Illinois Environmental Protection Act in the amount of $10,000 for each act, and a continuing penalty of $1,000 for each day of said violation for the abatement of the alleged nuisance.

On April 24, 1987, the defendants-counterplaintiffs filed an answer and a counterclaim asserting third-party claims against the State of Illinois, the City of Ottawa, the United States Department of Housing and Urban Development, the Catholic Diocese of Peoria, Zion Lutheran Church, and Richard Thompson and Glen Thompson, claiming that each of these parties had caused or allowed certain debris to be dumped on their property. The State of Illinois was subsequently dismissed as a counterdefendant in the instant lawsuit, and the defendants-counterplaintiffs filed a similar action against the State of Illinois in the Illinois Court of Claims. Thereafter, the defendants-counterplaintiffs were allowed to file an additional answer and counterclaim in the present action. The second answer and counterclaim, which was filed on June 9, 1987, included third-party claims against all of the previously mentioned parties with the exception of the State of Illinois and also included a third-party claim against School District Number 141, La Salle County, Illinois. The United States Department of Housing and Urban Development was subsequently dismissed from the lawsuit. The trial court then granted motions, to dismiss the third-party complaint, which were filed by the remaining third-party defendants. In dismissing the third-party complaint, the trial court held that, pursuant to the Illinois Environmental Protection Act, it was within the prosecutorial discretion of the Illinois Attorney General to determine whom the State brought their complaint against and that the defendants-counterplaintiffs did not have the right under the Act to bring a third-party action. The defendants-counterplaintiffs appeal the dismissal of their third-party complaint.

On appeal, the defendants raise two arguments: (1) Article XI, section 2, of the Illinois Constitution of 1970 provides a constitutional

right on the part of the defendants to enforce their right to a healthful environment against the various third-party defendants; and (2) the Illinois Environmental Protection Act (Act) provides remedies for private persons against persons whom they assert caused the dumping of waste upon their property. Although the specific issues raised by the defendants will be discussed in the text of this opinion, this court will focus on the more fundamental question of whether or not the Illinois Environmental Protection Act precludes third-party actions. This is a matter of first impression for Illinois courts, and before delving into the relevant statutory language, a closer examination of the facts and circumstances surrounding the instant appeal is warranted.

In the defendants-counterplaintiffs' second counterclaim, it was alleged that the City of Ottawa caused or allowed demolition debris from the Ottawa police and fire station and Lockwood Glass Building to be deposited on their property. The police and fire station and Lockwood Glass Building were demolished pursuant to a bridge expansion, known as the Veterans' Memorial Bridge project. Thereafter, the City of Ottawa, in its answer to the counterclaim, submitted an affirmative defense claiming that the State of Illinois, through the Department of Transportation, acquired title to the buildings in question and contracted for their demolition and the disposition of the debris therefrom.

With regard to the remaining third-party defendants, the defendants-counterplaintiffs' amended counterclaim set forth the following allegations. The Catholic Diocese of Peoria caused or allowed the debris from the demolition of the St. Columbia School and the St. Francis School to be deposited at their ravine. The Zion Lutheran Church caused or allowed the debris from the demolition of a parish house to be deposited at their ravine. Richard and Glen Thompson caused or allowed the demolition debris of Hillcrest Motel to be dumped at the ravine site. School District Number 141 caused or allowed demolition debris from sidewalks at Warren P. Shepherd Junior High School to be deposited at the site. The second counterclaim requested relief in the form of an injunction against all third-party defendants directing them to remove all wastes disposed on their property and the assessment of civil penalties under the Illinois Environmental Protection Act.

The defendants-counterplaintiffs first argue that their third-party complaint was improperly dismissed because of language found in the Illinois Constitution. Article XI, section 2, of the Illinois Constitution of 1970 provides:

> "Each person has the right to a healthful environment. Each person may enforce this right against any party, governmental or private, through *appropriate legal proceedings subject to reasonable limitation and regulation as the General Assembly may provide by law*." (Emphasis added.) (Ill. Const. 1970, art. XI, §2.)

While this constitutional language does support private actions for the enforcement of a healthful environment, these rights are subject to reasonable limitations that may be established through laws passed by the Illinois General Assembly. Thus, an examination of the relevant provisions of the Illinois Environmental Act is necessary to determine if the instant third-party action was properly dismissed.

The defendants-counterplaintiffs rely on the following provisions of the Illinois Environmental Protection Act to support their third-party action:

> "No person shall:
> (a) Cause or allow the open dumping of any waste.
>
> * * *
>
> (e) Dispose, treat, store or abandon any waste, or transport any waste into this State for disposal, treatment, storage or abandonment, except at a site or facility which meets the requirements of this Act and of regulations and standards thereunder." (Ill. Rev. Stat. 1987, ch. 111½, par. 1021.)

The defendants-counterplaintiffs argue that the third-party defendants knowingly caused or allowed demolition and other debris to be deposited at the unlicensed ravine site and that the legislative declaration of the Illinois Environmental Protection Act supports their third-party action. Section 2 of the Act, which sets forth the legislative declaration, provides in pertinent part:

> "(a) * * *
>
> * * *
>
> (v) that in order to alleviate the burden on enforcement agencies, to assure that all interests are given a full hearing, and to increase public participation in the task of protecting the environment, *private* as well as governmental remedies must be provided;
>
> * * *
>
> (b) It is the purpose of this Act, as more specifically described in later sections, to establish a unified, statewide program *supplemented by private remedies,* to restore, protect and enhance the quality of the environment and to assure that adverse effects upon the environment *are fully consid-*

*ered and borne by those who cause them.*" (Emphasis added.)
(Ill. Rev. Stat. 1987, ch. 111½, pars. 1002(a)(v), (b).)
Therefore, the defendants maintain that their private third-party action brought against parties who caused the dumping of waste upon their property is permitted under the Act. Although the statutory language cited by the defendants-counterplaintiffs does support private remedies, none of these sections specifically address the issue of whether the Act permits third-party actions.

The third-party defendants contend, however, that since the defendants-counterplaintiffs are seeking injunctive relief under the Illinois Environmental Protection Act, administrative remedies must first be exhausted before pursuing a third-party action in a civil court. The third-party defendants cite to the following statutory provision:

"(b) Any person adversely affected in fact by a violation of this Act or of regulations adopted thereunder may sue for injunctive relief against such violation. However, no action shall be brought under this Section until 30 days after the plaintiff has been denied relief by the [Pollution Control] Board under paragraph (b) of Section 31 of this Act." (Ill. Rev. Stat. 1987, ch. 111½, par. 1045(b).)

Consequently, the third-party defendants assert that because the defendants-counterplaintiffs failed to initially file a complaint with the Pollution Control Board, their request for injunctive relief was properly dismissed by the trial court. We disagree with the third-party defendants' interpretation of section 45 for several reasons.

First, section 45 only requires that private parties file a complaint with the Pollution Control Board before initiating an action for injunctive relief. Here, the State of Illinois is the plaintiff who initiated this lawsuit in civil court. Thus, the requirement that private parties exhaust administrative remedies under section 45 does not apply. Second, the logical reason for requiring private parties to exhaust administrative remedies under section 45 is not present in this case. This requirement provides an initial administrative review of environmental claims before the Pollution Control Board in an effort to limit litigation in the circuit courts of Illinois and to avoid multiplicity of suits. In the instant case neither of these objectives will be served since the case was initially brought in the circuit court by the State of Illinois. Moreover, so far as the State of Illinois is concerned, the State is being charged as a major depositor of the demolition debris on the defendants-counterplaintiffs' property. As argued by the defendants-counterplaintiffs, it is dubious to think that the Pollution Control Board, an arm of the State, would permit the State to be

sued by the defendants-counterplaintiffs. This is particularly true given the fact that the Illinois Environmental Protection Agency and the Illinois Attorney General's office have already chosen not to charge the State in the complaint filed in the instant civil action. Consequently, we find that section 45 does not preclude the defendants-counterplaintiffs' third-party action.

The third-party defendants additionally contend that the portion of the defendants-counterplaintiffs' counterclaim which seeks the assessment of civil penalties is not permitted by the Illinois Environmental Protection Act. Section 42 of the Act states that the State's Attorney of the county in which the violation occurred and the Illinois Attorney General are authorized to bring civil actions for penalties in the name of the People of the State of Illinois. (Ill. Rev. Stat. 1987, ch. 111½, par. 1042(f).) Section 42 makes no provision for such actions to be brought by private parties. This statutory provision was heavily relied on by the trial court in dismissing the third-party complaint. The trial court stated:

> "The Motion to Dismiss will be allowed. It is the opinion of the Court that the Act involved is penal in nature in that it provides for fines as is the primary function for the violation of the Act, and that the cleaning up is incidental to the finding as provided by the Act. That under that circumstance, it is the prerogative of the enforcement agency, namely the Attorney General of the State of Illinois, to prosecute as he sees fit. And if he does not prosecute a generator under the Sections provided for their action, that the original Defendants, the operators of the dump do not have the right to Third Party the generators into the action. The Motion will be allowed."

Hence, the trial court held that under section 42 of the Illinois Environmental Protection Act, the Illinois Attorney General has absolute discretion to determine which parties are brought into the civil action and that under no set of facts or circumstances may the original defendants file a counterclaim against third parties. We do not agree with the trial court's finding.

■ While we agree that section 42 authorizes only the State's Attorney of the county in which the violation occurred or the Illinois Attorney General to bring actions for civil penalties under the Act, we do not agree that this section precludes third-party actions to recover clean up costs. Contribution, of course, would not apply to offset any fines and penalties assessed to the defendants-counterplaintiffs under section 42. Contrary to the trial court ruling, however, we find that clean up costs are not merely incidental to the purposes of the Envi-

ronmental Protection Act. Cleaning up polluted sites is necessarily an essential function of the Act. Here, it is estimated that it will cost $750,000 to clean up the disposal site. Obviously, this is a substantial amount of money to anyone, especially to private landowners such as the Fiorinis. Since both section 42 and the Act as a whole are silent as to whether third-party actions are allowed to recover clean up costs, this court finds that based on the legislative policy declarations in the Act, coupled with the well-established judicial goal of avoiding piecemeal litigation, the Act should be interpreted as allowing third-party actions in these instances.

■■ The fundamental objective of statutory construction is to ascertain and give effect to the legislature's intent. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434.) When a statute is susceptible to differing interpretations, to ascertain legislative intent, a court may look beyond the express words and consider the purpose to be served by the statute. (*People v. Thoma* (1987), 152 Ill. App. 3d 374.) We recognize that allowing third-party actions promotes one of the purposes set forth in the legislative declaration of the Act, *i.e.*, providing private remedies against those who cause adverse effects to the environment. (Ill. Rev. Stat. 1987, ch. 111½, par. 1002(b).) In other words, if someone deposits unpermitted waste onto a private landowner's property, and the landowner is sued in civil court by the State to clean up the disposal site, the landowner should at least be given the opportunity to plead a third-party action against the depositors of the waste. Parenthetically, it is of interest to note in this proceeding that the State, who is prosecuting the defendant under the Illinois Environmental Protection Act, is itself allegedly a culpable violator of its own legislation for dumping its own debris from a bridge demolition project onto the property of the defendants Fiorini.

■■ ■ Moreover, as already noted, permitting third-party actions under the Act avoids piecemeal litigation. Section 2—406 of the Illinois Code of Civil Procedure, entitled "Bringing in new parties— Third-party proceedings," provides:

"(a) If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in. ***

(b) Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." (Ill. Rev. Stat. 1987, ch. 110, pars. 2—406(a), (b).)

The purpose of this section is to avoid a multiplicity of actions and a repetition of proof by permitting a determination of all claims in a single action. (*Security Insurance Co. v. Moto* (1973), 13 Ill. App. 3d 11.) Thus, a defendant, in order to avoid a multiplicity of suits, may join as third-party defendants anyone against whom he may have a possibility of recovery on account of the plaintiff's claimed damages. (*Embree v. DeKalb Forge Co.* (1964), 49 Ill. App. 2d 85.) Additionally, it is well settled in Illinois that a defendant, as did the defendants-counterplaintiffs in the case at bar, may bring in additional parties to the lawsuit through filing a counterclaim, if the counterclaims arise out of the same transaction or series of transactions that are set out in the plaintiff's complaint. *Johnson v. Moon* (1954), 3 Ill. 2d 561.

■ In the present action, the State of Illinois filed a complaint against the defendants-counterplaintiffs seeking, in part, injunctive relief to clean up the disposal site. The defendants-counterplaintiffs, in turn, filed a counterclaim seeking similar relief from various third-party defendants who had allegedly deposited the waste at the unlicensed ravine site. Such a counterclaim should not have been dismissed outright by the trial court. Rather, the counterclaim should be examined on the merits to determine if any of the third-party defendants should remain in the action. Further, the defendants-counterplaintiffs should be allowed to fashion an amended third-party complaint or counterclaim, if the instant counterclaim is found insufficient.

In summary, this court finds that the trial court erred in dismissing the third-party action based on an erroneous interpretation of the Illinois Environmental Protection Act. Both the Act and the Illinois Code of Civil Procedure promote allowing third-party actions. Only if the defendants-counterplaintiffs cannot plead facts sufficient to support their third-party action should the case be dismissed. Otherwise, the defendants-counterplaintiffs should at least be given the opportunity to resolve all claims resulting from the State's action in one lawsuit. Consequently, we reverse and remand for further proceedings consistent with the opinion.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

The majority holds that in proceedings brought by the State to enforce the provisions of the Illinois Environmental Protection Act (Ill.

Rev. Stat. 1987, ch. 111½, par. 1001 *et seq.*), the Act allows the defendants in such proceedings to institute third-party actions. I do not find that the circumstances in this case warrant such a holding and therefore respectfully dissent.

The issue in the instant case is whether a defendant alleged to have violated section 21 of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1021) can avoid liability in whole or part by bringing a third-party action, which requests the same relief sought by the State, against those parties the defendant claims contributed to the violation. In essence, we are being asked whether an alleged polluter has the right to limit or shift his liability through third-party actions which request the same relief sought by the original plaintiff.

In the instant case, the State filed suit against the defendants and third-party plaintiffs, Geno and Bernardine Fiorini, for violations of section 21 of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1021). The State requested injunctive relief and the imposition of civil penalties under sections 42 and 45 of the Act. (Ill. Rev. Stat. 1987, ch. 111½, pars. 1042, 1045.) No compensatory damages were sought. The Fiorinis filed an answer and a third-party complaint against numerous third-party defendants. In their third-party complaint, the Fiorinis requested injunctive relief directing the third-party defendants to remove all waste deposited on the Fiorinis' property. They also asked for the assessment of civil penalties against the third-party defendants.

Section 2—406(b) of the Code of Civil Procedure provides in pertinent part: "Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).) Although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it cannot be used to maintain an entirely separate and independent claim against a third party, even if it arises out of the same general set of facts as the main claim. (*Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104.) The form and substance of the Fiorinis' third-party complaint seek relief under section 2—406(b) as an action against parties who are or may be liable to them for all or part of the State's claim. The Fiorinis' third-party complaint does not specifically allege that it is brought under the aforementioned section of the Code, and

no claim is made other than it is a proper third-party action.

The majority opinion is ambiguous in explaining the type of third-party action the Fiorinis can maintain under the Act. The majority simply holds that the Fiorinis have a right to bring third-party actions under the Act. However, the issue in the instant case is not whether in general a third-party action can be maintained under the Act, but whether a defendant can pursue a third-party action in order to obtain the relief and penalties provided by sections 42 and 45, and thereby avoid the liability imposed under those sections.

The majority points to the references to private remedies in section 2 of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1002) as support for the availability of third-party actions. It is conceded that the Illinois Environmental Protection Act envisions the use of private remedies to assist in the implementation of the purposes of the Act. However, in the instant case, the Fiorinis are attempting to offset or shift their liability under the Act onto the third-party defendants. I do not view the general statements regarding the supplemental use of private remedies as providing a vehicle for the Fiorinis to avoid their liability under the Act.

Initially, it is noted that no theory or citation to authority has been presented which holds that when injunctive relief or civil penalties are initially sought, they can be the subject of third-party actions. With respect to actions under section 42, the section states: "The State's Attorney of the county in which the violation occurred, or the Attorney General, shall bring such actions [to recover civil penalties and injunctive relief] in the name of the people of the State of Illinois." (Ill. Rev. Stat. 1987, ch. 111½, par. 1042(f).) The third-party action in the instant case is not brought by the Attorney General or a State's Attorney. To hold as at least implied by the majority that a private citizen may bring actions to enforce the section is obviously contrary to the language of the section itself.

The majority concedes that when civil penalties are sought under section 42, a party cannot offset its liability for the penalties imposed. However, given the silence of both the Act and section 42 with respect to third-party actions, the majority appears to find that private actions under section 42 may be brought to offset clean up costs incurred by private individuals. At this juncture, I believe it is crucial to note the third-party complaint does not seek money damages. Having conceded the third-party complaint could not lawfully request the court to require the third-party defendants contribute to the civil penalties imposed on the Fiorinis, the only relief requested is injunctive relief. The third-party complaint requests the court order the third-

party defendants to remove the unlawfully deposited debris.

The majority bases its finding of a right to bring third-party actions on the legislative policy declarations of the Act and the judicial goal of avoiding piecemeal litigation. The majority fails to recognize, however, the statutory nature of the remedies in the instant case. If the legislature intended to enforce its policy declarations through the use of private third-party action it could have specifically provided for such a remedy. There is no indication that the legislature contemplated such a remedy, and none should be read *sua sponte* into the Act.

As noted above, the majority rejects the Fiorinis' claim that they can offset their liability for civil penalties imposed under section 42. However, the majority appears to find that the Fiorinis may have a contribution claim to offset the cost of cleaning up the disposal site. It should again be emphasized that the only remaining relief sought by the Fiorinis is injunctive relief, not damages. How injunctive relief may be the subject of a third-party action remains unexplained by the majority.

In their reply brief, the Fiorinis argue that given the remedial nature of section 42, which in their view effectively provides a cause of action sounding in tort, those persons found to be joint "wrongdoers" should have to pay their *pro rata* share of any civil penalties imposed. They argue that they would have a right to contribution under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Even the majority rejects the notion that civil penalties which may be assessed against the defendant may be recovered against other parties. Notwithstanding, I note that the Contribution Among Joint Tortfeasors Act was meant to create a right of contribution for negligent tortfeasors; intentional tortfeasors are not entitled to contribution. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 538 N.E.2d 530.) There can be no claim in this case that the third-party defendants negligently violated the Illinois Environmental Protection Act. Therefore, the Fiorinis' third-party actions cannot be brought pursuant to the Contribution Among Joint Tortfeasors Act.

Nor by definition can the Fiorinis premise their cause of action on the right to indemnification. Indemnity is a common law doctrine which provides for the complete shifting of liability. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 459 N.E.2d 935.) The right to indemnification may arise from contract or from situations in which a promise to indemnify can be implied from the relationship among tortfeasors. (*Frazer v. A.F. Munsterman, Inc.* (1988), 123 Ill.

2d 245, 527 N.E.2d 1248.) There is no allegation of a contractual right to indemnification in the instant case. Section 21 of the Illinois Environmental Protection Act prohibits persons from causing or allowing the open dumping of any waste. (Ill. Rev. Stat. 1987, ch. 111½, par. 1021.) A party charged with allowing the open dumping of waste on its property cannot by way of indemnity shift liability to a third party that it claims actually caused the illegal dumping. A party which allows and authorizes the dumping of waste on its own property would not be free from fault. Under the Act, the party is not liable simply because of the actions of the third parties; rather, its liability rests on the fact that it allowed the open dumping of waste on its property.

In sum, I do not find that section 42 of the Act can be utilized to justify the relief requested in the third-party action. Under a similar analysis, I do not find that section 45 of the Act can be used to avoid a party's liability. Section 45 does not contemplate that one co-polluter can bring an action under section 45 against another co-polluter. The remedies of contribution and indemnity cannot be used in this instance to avoid the injunctive relief sought by the State. The injunctive relief available to an injured party in section 45 should not in turn provide a means for a polluter to avoid liability. In the instant case, the Fiorinis are charged with allowing open dumping on their property. The responsibility for this violation of the Illinois Environmental Protection Act cannot be avoided by using the very sections of the Act which were enacted to provide a remedy to those damaged by such violations. Third-party actions cannot be utilized to lessen a party's liability under the Act. It is within the province of the legislature to provide by statute for the type remedy which the majority reads into the Act. The legislature has not provided such a remedy. Therefore, the trial court acted properly in dismissing the Fiorinis third-party actions, and I would affirm the trial court's dismissal of the third-party complaint.