THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILMER BROCKMAN *et al.*, Defendants (Wilmer Brockman, Jr., d/b/a Brockman Sanitary Service, Third–Party Plaintiff-Appellant; AAA Disposal Systems, Inc., *et al.*, Third–Party Defendants-Appellees).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILMER BROCKMAN *et al.*, Defendants (Wilmer Brockman, Jr., d/b/a Brockman Sanitary Service, Appellant; AAA Disposal Systems, Inc., *et al.*, Appellees).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILMER BROCKMAN, JR., *et al.*, Defendants (Pioneer Equities, Inc., *et al.*, Appellants; John Mathes and Associates, Inc., *et al.*, Appellees).

Third District   Nos. 3—87—0641, 3—87—0643 cons.

Opinion filed December 15, 1989.—Modified on denial of rehearing February 5, 1990.

STOUDER, J., dissenting.

Armstrong, Surin & Engels, of Ottawa (Craig M. Armstrong and Keith R. Leigh, of counsel), for appellant Wilmer Brockman, Jr.

Keith R. Leigh, of Seneca, William A. Speary, Jr., of Tenney & Bentley, of Chicago, and S. Louis Rathje, of Rathje, Woodward, Dyer & Burt, of Wheaton, for other appellants.

Neil F. Hartigan, Attorney General, of Springfield (Pamela M. Ciarrocchi, Assistant Attorney General, of Chicago, of counsel), for appellee Environmental Protection Agency.

Fred C. Prillaman and Lisa A. Manion, both of Mohan, Alewelt & Prilla-

man, of Springfield, for appellees John Mathes & Associates and Gary Mathes.

Dixie L. Laswell, of Coffield, Ungaretti, Harris & Slavin, of Chicago (Fred C. Prillaman, of counsel), for appellee Borg Warner Chemicals, Inc.

Harvey M. Sheldon and Shell J. Bleiweiss, both of McDermott, Will & Emery, of Chicago, for appellee Amoco Chemical Company.

Percy L. Angelo and Vincent B. Olcazkiewicz, both of Mayer, Brown & Platt, of Chicago, for appellee Motor Wheel Corporation.

Michael S. Guilfoyle, of Mendota, for appellee HOF Sanitation Service.

Michael T. Reagan, of Ottawa, for appellee AAA Disposal Systems, Inc.

Henry J. Handzel, of DeWitt, Porter, of Madison, Wisconsin, for appellee Midwest Plating Corporation.

Donald L. Shriver, of Law Offices of Donald L. Shriver, of Rockford, for appellee Interstate Pollution Controls.

Louis M. Rundio, Jr., and Susan E. Cox, both of McDermott, Will & Emery, of Chicago, for appellee Conservation Chemical Company of Illinois.

Paul Perona, of Perona Law Offices, of Peru, and Nancy Bryson and R. Timothy McCrum, both of Crowell & Moring, of Washington, D.C., for appellee Environmental Systems Company.

Darleen J. Stockley, of Pool & Stockley, of Ottawa, and R. Davy Eaglesfield, of Cromer, Eaglesfield & Maher, of Indianapolis, Indiana, for appellee Chrysler Corporation.

Barbara B. Guibord and Natalie A. Walsh, both of Katten, Muchin & Zavis, of Chicago, for appellees Browning Ferris of Illinois and Van Der Molen Disposal.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, the State of Illinois, filed a complaint on September 22, 1981, against the defendant and third-party plaintiff Wilmer Brockman, Jr., a landfill operator of a 25-acre tract of land in La Salle County, Illinois, commonly referred to as the Brockman I landfill. The

State's complaint alleged that from August 1970 through September 1979, Brockman improperly operated the Brockman I landfill in violation of various provisions of the Illinois Environmental Protection Act (IEP Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 et seq.). Specifically, the State alleged that Brockman permitted the open burning of refuse, that the landfill accepted and disposed of unpermitted special wastes, and that the site created a water pollution hazard. The State's prayer for relief requested the following: injunctive relief; installation of monitoring wells; an order directing Brockman to bring the site into compliance with the IEP Act; the imposition of civil penalties in the amount of $10,000 for each violation of the IEP Act and $1,000 for each day that a violation is established; the assessment of costs and fees; and any other additional relief that is appropriate.

On April 15, 1987, Brockman filed a third-party complaint seeking to join numerous generators and transporters who had allegedly contributed to the disposal of unpermitted wastes at the Brockman I landfill. On July 15, 1987, the trial court ruled in favor of motions to dismiss by various third-party defendants, dismissing Brockman's third-party actions against generators and transporters with prejudice. On August 12, 1987, Brockman then filed a motion to vacate the trial court's dismissal order. In his motion to vacate, Brockman also sought leave of court to file a second amended third-party complaint joining 23 additional generators and transporters of the Brockman I landfill. After a hearing on the motion, the trial court denied Brockman's motion to vacate and for leave to file a second amended third-party complaint. Brockman appeals both the dismissal of his original third-party complaint and the denial of his motion to vacate which requested leave to file a second amended third-party complaint.

The State, in its September 22, 1981, complaint, also brought suit against defendant and third-party plaintiff Pioneer Equities, Inc. (Pioneer), alleging that since October 1, 1979, Pioneer caused or allowed the Brockman I landfill to be operated in such a manner as to permit "leachate" from the refuse disposed of at the site to be discharged, causing a water pollution hazard in violation of the IEP Act and resulting in a common law public nuisance. The State's complaint sought the following relief from Pioneer: an injunction ordering the abatement of the public nuisance and cessation of various statutory violations; an order directing Pioneer to bring the landfill into compliance with the IEP Act; the imposition of civil penalties in the amount of $10,000 for each violation of the IEP Act and $1,000 for each day that said violation is established; the assessment of costs and fees; and any additional appropriate relief.

On April 15, 1987, Pioneer filed a third-party complaint against John Mathes, a contractor hired by the Illinois Environmental Protection Agency, alleging that Mathes drilled various monitoring wells through garbage cells located at the Brockman I landfill, causing the discharge of "leachate" and resulting in a water pollution hazard. On July 31, 1987, the trial court granted Mathes' motion to dismiss Pioneer's third-party complaint. Pioneer appeals the trial court's dismissal of its third-party complaint.

In its simplest form, this appeal involves the question of whether third-party actions are allowed when the State brings an action in civil court seeking injunctive relief, civil penalties, and clean up costs for violations of the Illinois Environmental Protection Act. A similar issue was presented to this court in the case of *People v. Fiorini* (1989), 192 Ill. App. 3d 396, which was consolidated with the instant case for purposes of oral arguments. Both the case at bar and *Fiorini* were heard before La Salle County Circuit Judge Thomas Flood. In *Fiorini*, the third appellate district court found that the IEP Act and the Illinois Code of Civil Procedure promoted allowing third-party actions, and therefore reversed Circuit Judge Flood's dismissal of the Fiorinis' third-party action. Likewise, this court finds that Circuit Judge Flood erred in dismissing Brockman's and Pioneer's third-party actions. In order to thoroughly explain the holding reached by this court and to resolve all issues raised by the parties, this court will take the following steps. First, the court will dispel all of those claims asserted by Brockman that are without merit. Second, the court will address Brockman's claim based on section 22.2 of the Illinois Environmental Protection Act. Finally, this court will address whether the trial court erred in dismissing both Brockman's and Pioneer's third-party claims based on the Illinois Contribution Act.

■ Initially, this court notes that Brockman did not attempt to amend his third-party complaint until July 15, 1987, a full three months after the trial court's deadline for adding new legal theories. Permission to allow an amendment to a third-party complaint rests within the sound discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. (*Oldenburg v. Hagemann* (1987), 159 Ill. App. 3d 631.) We find that the trial court did not abuse its discretion in denying Brockman's motion for leave to amend his third-party complaint based on the fact that Brockman attempted to plead numerous new legal theories at such a late date. However, as is noted later in this opinion, this court is directing the trial court to permit Brockman to amend his pleadings with regard to two of his third-party claims which were brought in his original third-

party complaint; the nature of those claims being a private cause of action under section 22.2 of the IEP Act and a claim under the Illinois Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Thus, this ruling shall not prejudice Brockman's right to bring in additional parties, which Brockman also requested in his amended third-party complaint, if he chooses to replead under those two theories. Notwithstanding, on appeal, this court will focus primarily on the trial court's dismissal of Brockman's original third-party complaint.

Brockman's original third-party complaint contained the following six counts: (I) private cause of action under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) (42 U.S.C. §9601 *et seq.* (1982)); (II) private cause of action under the hazardous waste section of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2); (III) private cause of action under section 113(b)(i) of the Superfund Amendments and Reauthorization Act of 1986 (CERCLA amendments); (IV) alleged liability pursuant to Federal common law apportionment; (V) alleged liability under the theory of *quantum meruit*; and (VI) a claim for contribution under the Illinois Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Brockman's original third-party complaint named 43 third-party defendants as well as unknown generators joined as "John Doe, et al. Brockman."

Counts I and III of the original third-party complaint were properly dismissed since State courts do not have jurisdiction over Federal CERCLA cases. (42 U.S.C. §9613(b) (1982).) Count IV, which purported to state a cause of action for equitable apportionment under the Federal common law, was properly dismissed because Federal environmental common law only applies to interstate pollution settings. (*United States v. Price* (N.J. 1981), 523 F. Supp. 1055.) Count V, which stated a cause of action for *quantum meruit* based on Brockman's claim that he may be forced to expend large sums of money in cleaning up the landfill, was properly dismissed since Brockman failed to allege that the third-party defendants received a benefit from Brockman and were therefore unjustly enriched. Therefore, this leaves counts II and VI remaining.

■ Count II of Brockman's third-party complaint attempted to state a private cause of action under the hazardous waste fund section of the IEP Act. Initially, we respond to the third-party defendants' claim that since the State did not specifically allege a violation of section 22.2 in its complaint against Brockman, count II of Brockman's third-party complaint should be dismissed since this claim is separate and distinct from the underlying action. As was established in *Filip-*

*ponio v. Bailitz* (1978), 73 Ill. App. 3d 389, and reiterated in *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 201:

> "Although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it can not be used to maintain an entirely separate and independent claim against a third-party, even if it arises out of the same general set of facts as the main claim."

Count V of the State's amended complaint sought the abatement of a public nuisance and prayed for an injunction, a prohibition of depositing further wastes, corrective action to remove toxic wastes, and any other appropriate relief. Thus, a portion of the State's action against Brockman sought to have the toxic wastes removed in order to clean up the landfill. Section 22.2 concerns the liability of persons for costs incurred by the State in removing hazardous substances deposited at facilities. Consequently, we find that Brockman's count II is derivative of the State's action and is not an entirely separate or independent claim. The third-party defendants may be partially liable to Brockman for the costs of cleaning up the landfill, which was part of the main claim brought against Brockman, and is therefore a proper claim under third-party proceedings. *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196.

■ Next, we must decide if the statutory language of section 22.2 envisions permitting third-party actions. Section 22.2 provides in relevant part:

> "(f) Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (j) of this Section, the *following persons shall be liable for all costs of removal or remedial action* incurred by the State of Illinois *as a result of a release or substantial threat of a release of a hazardous substance*:
>
> (1) The owner and operator of a facility or vessel from which there is a release or substantial threat of release of a hazardous substance;
>
> \*\*\*
>
> (3) *Any person who by contract, agreement, or otherwise has arranged with another party or entity for transport, storage, disposal or treatment of hazardous substances owned, controlled or possessed by such person* at a facility owned or operated by another party or entity from which facility there is a release or substantial threat of a release of such hazardous substances; and

(4) *Any person who accepts or accepted any hazardous substances for transport to disposal, storage or treatment facilities* or sites from which there is a release or a substantial threat of a release of a hazardous substance.

Any monies received by the State of Illinois pursuant to paragraph (f) of this Section shall be deposited in the state Treasury to the credit of the 'Hazardous Waste Fund.'

(g)(1) No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from the owner or operator of any vessel or facility or from any person who may be liable for a release or substantial threat of a release under this Section, to any other person the liability imposed under this Section. Nothing in this Section shall bar any agreement to insure, hold harmless or indemnify a party to such agreements for any liability under this Section.

(2) Nothing in this Section, including the provisions of paragraph (g)(1) of this Section, *shall bar a cause of action that an owner or operator or any other person subject to liability under this Section, or a guarantor, has or would have, by reason of subrogation or otherwise against any person.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2.)

Thus, under the statutory scheme of section 22.2, generators of hazardous substances who contract to transport those substances to another facility may be liable for remedial action incurred by the release of those hazardous substances. Likewise, transporters may be liable for remedial costs caused by the release of hazardous substances. Further, under section 22.2, an owner or operator of a facility where hazardous substances are released is not barred from bringing a cause of action against others "by reason of subrogation or otherwise."

■ The third-party defendants argue that under the statutory framework of the IEP· Act, Brockman must first exhaust administrative remedies before the Illinois Pollution Control Board before attempting to bring the third-party defendants into civil court pursuant to section 22.2. (Ill. Rev. Stat. 1987, ch. 111½, pars. 1022.2(i), 1031(b), 1045(b).) These sections of the IEP Act, which refer to the exhaustion of administrative remedies, however, only require that private parties file a complaint with the Pollution Control Board before initiating a private cause of action in civil court. In the case at bar, the State of Illinois is the plaintiff who chose to file an action in civil court. Hence, the requirement that private parties exhaust administrative remedies under the IEP Act does not apply.

■ The third-party defendants also contend that since the issue

of cost recovery for cleaning up the Brockman I landfill and the issue of possible liability of generators or transporters is being addressed in a separate administrative proceeding, pursuant to section 4(q) of the IEP Act, a third-party action in civil court, based on section 22.2 or the IEP Act, should not be permitted. (Ill. Rev. Stat. 1987, ch. 111½, par. 1004(q).) Once again, this court points out that it was the State who opted to seek relief both in civil court and through administrative proceedings. The State's civil complaint, among other things, seeks to force Brockman to clean up the landfill in order to bring the landfill into compliance with the IEP Act. Thus, the State is pursuing clean up costs both in the administrative proceeding and in civil court.

As was discussed by this court in *People v. Fiorini*, we find that under these circumstances the IEP Act does not preclude third-party actions for two important reasons. First, the legislative declaration of the IEP Act promotes providing private remedies against those who cause adverse effects to the environment. Section 2 of the IEP Act, which sets forth the legislative declaration, provides in pertinent part:

"(a) ***

* * *

(v) that in order to alleviate the burden on enforcement agencies, to assure that all interests are given a full hearing, and to increase public participation in the task of protecting the environment, *private* as well as governmental remedies must be provided; ***

* * *

(b) It is the purpose of this Act, as more specifically described in later sections, to establish a unified, statewide program *supplemented by private remedies*, to restore, protect and enhance the quality of the environment, and to assure that adverse effects upon the environment *are fully considered and borne by those who cause them*." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111½, pars. 1002(a)(v), (b).)

Thus, since the IEP Act is silent with respect to third-party actions, we find that allowing third-party actions is more consistent with the purposes of the IEP Act as expressed in the legislative declaration.

Secondly, section 2—406 of the Illinois Code of Civil Procedure allows defendant to join as third-party defendants anyone against whom he may have a possibility of recovery on account of the plaintiff's claimed damages. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—406(a), (b); *Embree v. DeKalb Forge Co.* (1964), 49 Ill. App. 2d 85.) The purpose of this section is to avoid a multiplicity of actions and a repetition of proof by permitting a determination of all claims in a single action.

(*Security Insurance Co. v. Moto* (1973), 13 Ill. App. 3d 11.) Here, the State, in civil court, seeks remediation costs to bring the landfill into compliance with the IEP Act, and Brockman seeks to bring in third-party defendants, who allegedly dumped unpermitted waste at the site, to help pay for the clean up costs. Under this set of circumstances, the filing of a third-party action was proper.

Consequently, this court finds that the trial court incorrectly dismissed count II of the defendants' third-party complaint for failure to state a claim for which relief could be granted. Rather than dismissing count II outright, the trial court should examine the merits of the defendants' claim.

Count VI of Brockman's third-party complaint attempts to state a cause of action under the Illinois Contribution Act, which provides in relevant part:

> "[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property *** there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1987, ch. 70, par. 302(a).

Circuit Judge Thomas Flood made the following statements with regards to Brockman's contribution claim when he dismissed Brockman's third-party complaints:

> "The Motion[s] To Dismiss the Third-Party Complaints are allowed. And the Third-Party Complaints will be dismissed with prejudice on the ground that it is [*sic*] not a proper vehicle for contribution. ***
>
> Basically it boils down to the fact that this is not a tort action. Whether the State in its original Complaint used the word tortious conduct or not, that does not convert this into a tort action within the meaning of the Contribution Act."

Similarly, Judge Flood made the following remarks concerning Pioneer's contribution claim when he dismissed Pioneer's third-party complaint.

> "However the feeling of this Court, that although you referred to abatement of a nuisance and a tort, the Contribution Act, I do not think, intends to pay the expense of abating a nuisance nor the penalties imposed for having created [it] in the first place. And this is just not within the purview of the Contribution Act as far as this Court is concerned.
>
> I think that in addition to having a tort involved, you must have damages which you are paying which they must then reimburse you for. Rather than, than the type of thing where you

are abating a nuisance, getting rid of it, because of something you did, as distinguished from something they did with you."

We disagree with Judge Flood's interpretation of the Contribution Act.

In Illinois, an action for a mandatory injunction to abate a public nuisance, such as the one brought by the State in the instant case, is a tort action. The Illinois Supreme Court in *Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, quoting from Prosser on Torts, defined a public nuisance as "the doing of or failure to do something that injuriously affects the safety, health or morals of the public, or works some substantial annoyance, inconvenience or injury to the public." (W. Prosser, Torts §88, at 583 n.29 (4th ed. 1971).) The *Wilsonville* decision further states that "[i]t is generally conceded that a nuisance is remediable by injunction or a suit for damages." (*Wilsonville*, 86 Ill. 2d at 22.) Thus, the trial court was incorrect when it stated that this case simply "is not a tort action."

Moreover, under Illinois law, there exists, among joint tort-feasors, joint and several liability for the common or concurrent injuries or harm caused by their nuisances. (*Cook v. City of Du Quoin* (1930), 256 Ill. App. 452.) As was stated in *City of Du Quoin*, where the defendant city was sued under a nuisance theory for damages caused by its water pollution to the property of a downstream owner:

"Though other wrongful acts than that of the defendant city may have been responsible for the collection of this objectionable sewage, such fact furnishes no defense to the defendant city, if it in fact contributed to the nuisance complained of and participated in the pollution of the water that caused injury to appellee. [Citation.]

Where the acts of several persons, although separate and distinct as to time and place, culminate in producing a public nuisance, which injures the person or property of another, they are jointly and severally liable." *City of Du Quoin*, 256 Ill. App. at 456.

This court finds the reasoning in *City of Du Quoin* persuasive in resolving whether the Contribution Act applies to the instant case. As in *City of Du Quoin*, both Brockman and Pioneer are seeking relief from parties who allegedly contributed to the creation of a public nuisance at the Brockman I landfill. Brockman attempts to bring in as third-parties generators and transporters of unpermitted waste. Pioneer seeks to bring in as a third-party Mathes, who allegedly drilled through garbage cells at the landfill, causing the discharge of pollutants into the groundwater. It is conceivable that all of these actions,

although separate and distinct in time and conduct, contributed to Brockman I landfill becoming a public nuisance. Consequently, since the State is seeking clean up costs in order to abate Brockman I landfill as a public nuisance, this court finds that a third-party action for contribution is within the purview of the Contribution Act.

In so finding, however, we do not rule on the merits of either Brockman's or Pioneer's contribution claims. We simply hold that the trial court erred in ruling that the Contribution Act had no application to the instant case. Using the language from the Contribution Act, it is possible that Brockman and the generators and transporters or Pioneer and Mathes are "2 or more persons *** subject to liability in tort arising out of the same injury" and as such, "there is a right of contribution among them." Yet, as was stated in *Fiorini*, contribution would not apply to offset any fines or penalties assessed against either Brockman or Pioneer under section 42 of the IEP Act. Ill. Rev. Stat. 1987, ch. 111½, par. 1042.

In summary, this court finds that the trial court improperly dismissed Brockman's and Pioneer's contribution claims, without examining the merits of their claims. Likewise, the trial court erred in dismissing outright Brockman's third-party claim based on section 22.2 of the IEP Act. Additionally, this court finds that Brockman and Pioneer should be allowed to fashion an amended complaint with regard to these claims, if the instant claims are deemed insufficient. Only if Brockman and Pioneer cannot plead facts sufficient to support these third-party claims should the complaints be dismissed.

Therefore, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

For the reasons set forth in my dissent in *People v. Fiorini* (1989), 192 Ill. App. 3d 396, as applicable to the instant case, and for the additional reasons stated below, I respectfully dissent from the majority opinion.

The majority holds that the trial court erred in dismissing that portion of Brockman's complaint which alleged a claim under section 22.2 of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2). Initially, I note, the amended complaint filed by the State in the original action did not allege a cause of action un-

der section 22.2. Brockman's claim is therefore separate and independent from the claim brought by the State. Although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it cannot be used to maintain an entirely separate and independent claim against a third party, even if it arises out of the same general set of facts as the main claim. *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104.

Even though the State did not bring an action under section 22.2, the majority finds that because the State sought an injunction to clean up the site, this makes Brockman's claim under section 22.2 derivative of the State's action. I find this analysis unpersuasive. Count V of the State's amended complaint alleged that contamination of the groundwater and surface water as a result of waste material deposited on the site constituted a public nuisance under the common law. In count V, the State requested an injunction to prevent further dumping at the site and to require the defendants to take corrective action to remove potentially toxic or hazardous waste. Section 22.2(f), on the other hand, concerns the liability of certain persons "for all costs of removal or remedial action *incurred by the State of Illinois as a result of a release or substantial threat of a release of a hazardous substance.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(f).) All monies received by the State pursuant to section 22.2(f) are credited to the State's "Hazardous Waste Fund." The request for an injunction to abate a public nuisance has nothing to do with recovering the cost incurred by the State in cleaning up or removing a hazardous substance.

In addition, the majority does not point to any authority for a third-party action under section 22.2. Nor does it cite any authority for the use of third-party actions in causes seeking injunctive relief.

The majority also holds that since the State is seeking clean up costs in order to abate a public nuisance, a third-party action for contribution can be brought pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). I would note that the majority cites no authority for third-party actions involving the abatement of a public nuisance. However, the majority finds that the reasoning of *Cook v. City of Du Quoin* (1930), 256 Ill. App. 452, supports application of the Contribution Act in the instant case. In *City of Du Quoin,* the court stated that parties are jointly and severally liable if they contribute to the creation of a public nuisance. However, the case is silent regarding the issue of contribution between the jointly liable parties. The *City of Du Quoin* involved an

action brought by an injured party. The case did not involve an action by one party against other parties who share responsibility for the creation of a public nuisance.

I would also note that the Illinois Supreme Court has recently held that the Contribution Among Joint Tortfeasors Act was meant to create a right of contribution for negligent tortfeasors and that intentional tortfeasors are not entitled to contribution under the Act. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 538 N.E.2d 530.) There is no claim that Brockman or the third-party defendants were negligent in violating the IEPA. I do not believe that a violation of the IEPA involves a species of tort subject to contribution under the Contribution Act.

In sum, the majority is attempting to find a way to spread the cost of clean up among co-polluters. It is the province of the legislature, not this court, to provide such a remedy. I would affirm the trial court's dismissal of the third-party complaints brought by Brockman and Pioneer.