146 Ill. App.3d 196 (1986)
496 N.E.2d 1104
HOWARD E. KETCHAM, Plaintiff,
v.
CONSOLIDATED RAIL CORPORATION, Defendant and Third-Party Plaintiff-Appellant (Republic Steel Corporation, Third-Party Defendant-Appellee).
No. 85-1340.
Illinois Appellate Court  First District (5th Division).
Opinion filed July 18, 1986.
*197 Lord, Bissell & Brook, of Chicago (Alvin E. Domash, Hugh C. Griffin, and Paul H. Kutnetsky, of counsel), for appellant.
James N. Kosmond, Victor J. Piekarski, and Michael Resis, all of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.
Order affirmed.
*198 JUSTICE MURRAY delivered the opinion of the court:
This is an appeal by defendant, third-party plaintiff Consolidated Rail Corporation (Conrail) from the trial court's order dismissing its third-party amended complaint against third-party defendant, Republic Steel Corporation (Republic). On appeal, Conrail contends that: (1) the trial court erroneously dismissed its property damage and indemnification claims; (2) the court should have permitted Conrail to file an "amended complaint" to convert its amended third-party complaint into a first-party action after dismissal of the amended third-party complaint; and (3) Republic waived any right it may have had to object to Conrail's property-damage claim. For the reasons set forth below, we affirm.
The record discloses that on September 29, 1980, a freight train derailment occurred in Porter, Indiana. One of the derailed gondola cars, operated by Conrail, had been loaded and secured with rolls of steel cylinders by Republic. Two Conrail employees, plaintiff Howard E. Ketcham and Harvey Chandonia, were injured as a result of the derailment. Conrail also sustained damages to its train and other equipment (its property).
On March 1, 1982, Ketcham filed an action pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51) against Conrail seeking damages for the personal injuries he sustained. Conrail filed an answer, and, on September 29, 1982, it filed a three-count third-party complaint against Republic. Counts I and II sought indemnification and contribution, respectively, for any damages Conrail was required to pay Ketcham, and count III sought recovery for damages to its property as a result of the derailment. In response, Republic filed a motion to dismiss counts I and II. The trial court subsequently dismissed Conrail's contribution count, but denied Republic's motion to dismiss the indemnification count.
Thereafter, Conrail filed an amended three-count third-party complaint against Republic. Count I sought from Republic indemnification for any damages Conrail might be obligated to pay Ketcham, count II sought damages to its property and count III sought indemnification for $5,000 which Conrail paid to Chandonia in settlement of his claim against it filed in a separate FELA action. Republic then filed a motion to dismiss counts II and III of Conrail's amended third-party complaint, asserting that those counts, seeking recovery for Conrail's property damage and indemnification for the Chandonia settlement, were independent claims and, therefore, improperly brought as third-party claims under section 2-406(b) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2-406(b)). During the *199 pendency of Republic's motion to dismiss Conrail's amended third-party complaint, Conrail and Republic settled Ketcham's claim. Accordingly, count I of Conrail's amended third-party complaint, seeking indemnification from Republic for any damages it might be obligated to pay to Ketcham, was voluntarily dismissed.
On December 19, 1984, the trial court dismissed counts II and III of Conrail's amended third-party complaint, without leave to refile, based on its determination that section 2-406(b) of the Code did not permit the filing of claims for Conrail's property damages and indemnification for monies Conrail paid in settlement of Chandonia's claim. Conrail then filed a motion for reconsideration of this dismissal order or, in the alternative, for leave to file an "amended complaint" to convert its amended third-party complaint into a first-party action containing the same property-damage and indemnity claims which the court had previously dismissed. The court denied the motion, and this appeal followed.

I
Conrail contends, and Republic does not contest, that count I of its amended third-party complaint, seeking indemnification for any money damages it was obligated to pay to Ketcham, was properly filed under section 2-406(b) of the Code. Conrail argues, however, that the trial court erroneously dismissed its property-damage and Chandonia indemnification claims, counts II and III, because those claims were properly joined pursuant to section 2-614 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-614) after its compliance with section 2-406(b) as to count I. Section 2-614, entitled "Joinder of causes of action and use of counterclaims," provides, in pertinent part:
"(a) Any plaintiff or plaintiffs may join any causes of action, against any defendant or defendants; and the defendant may set up in his or her answer any and all cross claims whatever, whether in the nature of recoupment, setoff or otherwise, which shall be designated counterclaims." (Ill. Rev. Stat. 1985, ch. 110, par. 2-614(a).)
Based on section 2-401(d) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-401(d)), which provides that wherever the term "plaintiff" is used in the Code includes "third-party plaintiffs" unless the contrary is indicated, Conrail contends that its claims under counts II and III, therefore, were properly joined pursuant to section 2-614(a).
On the other hand, Republic argues that section 2-406(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-406(b)) is controlling, and *200 that section 2-614 is, therefore, inapplicable. Section 2-406(b), entitled "Bringing in new parties  Third-party proceedings," provides, in pertinent part, as follows:
"Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2-406(b).)
Republic alleges that Conrail's property-damage and Chandonia claims are not derivative of, and are independent of, Ketcham's FELA action and, accordingly, it could not bring these claims in under section 2-406(b) because they were different from Ketcham's suit for damages. Therefore, Republic argues that the trial court properly dismissed counts II and III pursuant to section 2-406(b).
In light of the parties arguments, the issue presented, therefore, is not only which section of the Code governs, but also the separate issue of whether section 2-614 should be read in conjunction with section 2-406(b) to permit the filing of independent claims by a third-party plaintiff against a third-party defendant once a defendant has asserted a proper third-party claim under section 2-406(b). Conrail maintains that these sections are similar to Rules 14 and 18 of the Federal Code of Civil Procedure (Fed. R. Civ. P. 14, 18), and relies solely on Schwab v. Erie Lackawanna R.R. Co. (3rd Cir.1971), 438 F.2d 62, in which the court held that Rule 14 was to be read in conjunction with Rule 18(a), as amended, once a third-party plaintiff had successfully asserted a proper third-party claim under Rule 14. Accordingly, the Schwab court held that the third-party plaintiff railroad properly joined a property-damage claim with its third-party action for indemnification against the third-party defendant in the FELA action.
While it is true that section 2-406(b) is similar to Federal Rule 14 (Fed. R. Civ. P. 14), the same is not true of section 2-614(a) and its alleged counterpart, Federal Rule 18(a) (Fed. R. Civ. P. 18) as amended. Prior to amendment of Rule 18(a) in 1966, a third-party plaintiff could not join independent claims against a third-party defendant unless the requirements of Rule 13 (not applicable in the present case) and Rule 14 were satisfied. (Schwab v. Erie Lackawanna R.R. Co. (3rd Cir.1971), 438 F.2d 62, 68.) Under Rule 14, recovery of damages by a third-party plaintiff from a third-party defendant "in excess of, or different from, that sought by the original plaintiff in his main claim," was not allowed. (438 F.2d 62, 68.) Pursuant *201 to the 1966 amendment, however, Rule 18(a) provided that "`[a] party asserting a claim to relief as * * * [a] third-party claim, may join, either as independent or as alternate claims, as many claims * * * as he has against an opposing party.'" (438 F.2d 62, 68.) Based on numerous sources, but specifically the comments of the Federal Advisory Committee On Rules (28 U.S.C. Rule 18(a) (1970 Supp.)), the Schwab court concluded that the amendment to Rule 18(a) was intended to permit the inclusion of affirmative claims for relief, rather than limiting joined claims to those "typically cognizable under third-party practice." 438 F.2d 62, 68.
 1 On the other hand, we note that section 2-614 has not been amended as has Rule 18(a). Nor do we find any language in section 2-614 expanding the limitation of third-party practice under section 2-406(b) to include separate independent claims against a third-party defendant. The only reference to third-party claims mentioned in section 2-614 concerns the right to separate trial where a third-party claim, or a counterclaim or a cause of action cannot be "conveniently disposed of with the other issues in the case." (Ill. Rev. Stat. 1985, ch. 110, par. 2-614(b).) In the absence of any language to the contrary in section 2-614 or other support, therefore, we do not believe that the legislature intended to repudiate the plain language of section 2-406(b) by requiring that section 2-614 be interpreted as expanding third-party practice under section 2-406(b). Accordingly, we hold that section 2-614 is inapplicable in the present case and, instead, that section 2-406(b), which specifically was designed to implement a third-party practice in Illinois similar to that prevailing in other jurisdictions and under Federal rules (Ill. Ann. Stat., ch. 110, par. 2-406, Joint Committee Comments [1955], at 414 (Smith-Hurd 1983)), controls.
It is obvious, therefore, that section 2-614 should not be read in conjunction with section 2-406(b). Nor do we interpret section 2-614 as authorizing a third-party plaintiff to join independent claims against a third-party defendant. Only those claims which a third-party defendant is or may be liable to the original defendant for all or part of the plaintiff's claims against him are proper under third-party proceedings and anything contrary to this provision in third-party proceedings cannot be achieved through section 2-614.
Moreover, we note, as established in Filipponio v. Bailitz (1978), 73 Ill. App.3d 389, 392, 392 N.E.2d 23, and reiterated in Scott & Fetzer Co. v. Montgomery Ward & Co. (1984), 129 Ill. App.3d 1011, 1021, 473 N.E.2d 421, aff'd (1986), 112 Ill.2d 378:
"Although third-party practice is properly used to reduce litigation *202 where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it can not be used to maintain an entirely separate and independent claim against a third-party, even if it arises out of the same general set of facts as the main claim."
We believe that the manifest consideration in both cases was our determination whether the liability of the third-party defendants was dependent upon the outcome of the main claims; whether the third-party defendants would be liable to the defendants for all or part of the plaintiffs' recovery. (See United States v. Joe Grasso & Son, Inc. (5th Cir.1967), 380 F.2d 749, 751-52.) In the present case, Conrail sought recovery for its own losses  its property damage and the money paid to Chandonia. Clearly, Republic's liability to Conrail for these claims was not dependent upon the outcome of Conrail's liability to Ketcham.
 2 Accordingly, we hold that the trial court properly dismissed Conrail's amended third-party complaint.

II
Conrail next argues that the trial court erred in denying its motion to amend its pleadings to "transform" its dismissed amended third-party complaint into a first-party complaint. In support of this contention, Conrail relies on section 2-617 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-617), which provides that where a party has pleaded facts which entitle it to relief but has sought the wrong remedy, a court shall permit amendment of the pleadings.
During oral argument, Conrail informed this court that it has in fact filed a first-party action against Republic which is pending in the trial court. This issue, therefore, is moot. See Spencer v. Community Hospital (1975), 30 Ill. App.3d 285, 287, 332 N.E.2d 524 ("[a] reviewing court will only decide actual controversies in which the interests or rights of the parties to the litigation can be effected").
 3 Moreover, we briefly note that Conrail's novel "transformation" argument would fail in light of section 2-616 which would be dispositive of this issue. (Ill. Rev. Stat. 1985, ch. 110, par. 2-616.) Under section 2-616, "[o]nly when there is a need to conform the pleadings to the proofs may a complaint be amended after judgment." (See Pickle v. Curns (1982), 106 Ill. App.3d 734, 740, 435 N.E.2d 877.) Here, the trial court's December 19, 1984, order dismissing remaining counts II and III of Conrail's amended third-party complaint, without leave to refile, was a final judgment, notwithstanding the fact that Conrail timely filed a motion for reconsideration of the dismissal *203 order. (106 Ill. App.3d 734, 740, 435 N.E.2d 877.) Conrail had presented no evidence and there were no proofs with which to make any pleading conform after judgment. The trial court, therefore, properly denied Conrail's motion to file the "amended complaint," since that motion was not a proper post-judgment motion. 106 Ill. App.3d 734, 740, 435 N.E.2d 877.

III
 4 Conrail's last argument is that Republic waived its right to object to its property-damage count in its amended third-party complaint by failing to object to the similar count in Conrail's original third-party complaint. Conrail has cited no provision of the Code or any case law in support of this contention. A theory not advanced with citation of authorities is deemed waived. Flynn v. Vancil (1968), 41 Ill.2d 236, 242, 242 N.E.2d 237.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
SULLIVAN, P.J., and PINCHAM, J., concur.