BIO-SCIENTIFIC CLINICAL LABORATORY, INC., Plaintiff, v. JOHN B. TODD *et al.*, Defendants (Yolanda Todd, Counterplaintiff-Appellant; Bio-Scientific Clinical Laboratory, Inc., *et al.*, Counterdefendants-Appellees).

First District (2nd Division)   No. 86—225

Opinion filed November 12, 1986.

Joel L. Widman and Donald A. Smith, both of Chicago (Kozlicki, Widman, Goldberg, Schenk & Frankenstein, Ltd., of counsel), for appellant.

William T. Huyck, of Chicago, for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Appellant, Yolanda Todd, appeals from an order of the circuit court dismissing count II of a three-count counterclaim filed against appellees Bio-Scientific Clinical Laboratory and six of its officers, directors and shareholders who were not parties to the original complaint; such counterclaim alleged a breach of fiduciary duty by each of the individual appellees to appellant. On appeal, appellant contests the dismissal of her counterclaim and contends that: (1) the appellees were proper parties to the counterclaim pursuant to section 2—608(a) of the Code of Civil Procedure; (2) the appellees, as officers and directors of Bio-Scientific Clinical Laboratory, owed a fiduciary duty to appellant; and (3) the illegal acts of the appellees constituted a wrong and a breach of fiduciary duty to appellant and to appellee Bio-Scientific Clinical Laboratory.

The record indicates that on September 5, 1984, Bio-Scientific Clinical Laboratory (hereinafter Bio-Scientific) a medical laboratory,

filed a seven-count complaint against appellant, a former president and director, John Todd, marketing director, and Royal Crown Laboratories (hereinafter Royal); the complaint alleged that the parties had committed a breach of their fiduciary duty to Bio-Scientific arising out of their alleged formation of Royal, which was in competition with Bio-Scientific, while appellant was an officer of Bio-Scientific. Thereafter, on August 15, 1985, appellant, who was also a 25% shareholder of Bio-Scientific, filed the instant three-count complaint against Bio-Scientific and six persons who were officers, directors or shareholders of Bio-Scientific; appellant asserted therein that these parties caused Bio-Scientific to engage in a fraudulent scheme to perform unnecessary medical tests on public aid patients in order to obtain payments from the Illinois Department of Public Aid to which Bio-Scientific was not entitled. Appellant maintained that such conduct placed Bio-Scientific in jeopardy of criminal prosecution, civil damage liability and suspension or termination of its ability to participate in the Illinois Medical Assistance Program. In count II of that complaint, appellant alleged that the individual defendants had breached a fiduciary duty owed to her and sought compensatory and punitive damages, a preliminary injunction which would enjoin the appellees from engaging in the alleged conduct described above and an injunction to prevent appellees from using corporate assets for payment of their defense costs.

On October 21, 1985, appellee Alphonse Sblendorio, the only individual to be served in appellant's countercomplaint, moved to dismiss count II. Thereafter, a second appellee, Sandra Castellano, also moved to dismiss count II of appellant's complaint. An order was subsequently entered on December 20, 1985, dismissing count II with prejudice. Appellant now appeals from that order.

▓▓ Appellant's first contention on appeal concerns whether the appellees are proper party defendants to the counterclaim. Appellant asserts that the appellees are properly named as defendants under section 2—608 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—608(a)).[1] Appellees assert in reply that section 2—406(b) (Ill. Rev. Stat. 1985, ch. 110, par. 2—406(b)) is the applicable provision and that such section would not permit appellant's counterclaim to be

---

[1]Section 2—608(a), entitled "Counterclaims," provides:

"(a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim."

joined to the original action.[2]

An examination of count II of the counterclaim reveals that Bio-Scientific has not been made a party to the allegations contained therein either directly or through incorporation by reference. Count II alleges breaches of fiduciary responsibility by certain named individuals to the detriment of appellant-counterplaintiff. A counterclaim when challenged must be treated in the same manner as a complaint. (*Wilson v. Tromly* (1949), 404 Ill. 307, 309, 89 N.E.2d 22; *In re Marriage of Black* (1985), 133 Ill. App. 3d 59, 65, 477 N.E.2d 1359.) Each count of a complaint is ordinarily a separate statement of claim and its sufficiency must be determined by its content. (*Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill. 2d 468, 472, 244 N.E.2d 809; *Coulter v. Renshaw* (1981), 94 Ill. App. 3d 93, 95, 418 N.E.2d 489; *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 14, 349 N.E.2d 73, *appeal dismissed* (1979), 442 U.S. 935, 61 L. Ed. 2d 306, 99 S. Ct. 2873.) Here, Bio-Scientific was not made a party in count II and the allegations against the individuals named as parties must be examined in light of their relationship to the original complaint of which Bio-Scientific was a plaintiff. We find, as did the circuit court in this case, that there is no relationship between the transactions contained in the complaint and the transactions referred to in count II of the counterclaim. Appellant's reliance upon *Johnson v. Moon* (1954), 3 Ill. 2d 561, 121 N.E.2d 774, is unavailing. There, the court analyzed various sections of the former Civil Practice Act and concluded that although counterclaims directed against original parties need not be germane to matters brought in the complaint, where, as in the instant case, additional parties are brought in, the subject matter of the counterclaim must arise out of the same transaction or series of transactions, as that or those pleaded in the complaint. 3 Ill. 2d 561, 569, 121 N.E.2d 774.

Moreover, section 2—406(b) precludes the bringing in of new parties as third-party plaintiffs if the third-party complaint is unrelated to the original complaint, and if the cause of action against the third-party defendant is not one for indemnity or contribution arising from the main complaint. The purpose of a third-party action is to permit the determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence. (*Miller v. DeWitt* (1967),

[2]Section 2—406(b), entitled "Bringing in new parties—Third-party proceedings," provides in relevant part: "(b) Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her. ***"

37 Ill. 2d 273, 226 N.E.2d 630.) In the notes following section 2—406 (Ill. Ann. Stat., ch. 110, par. 2—406, Historical & Practice Notes, at 415), it is stated that the general purpose of this section is to " 'avoid two actions which should be tried together to save the time and cost of reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant.' "

In *Filipponio v. Bailitz* (1979), 73 Ill. App. 3d 389, 392 N.E.2d 23, defendants were sued by plaintiffs for damages arising out of alleged fraudulent representations regarding flooding made during the sale of certain residential property. Defendants thereafter filed a third-party complaint for indemnification to recover damages from the third-party defendants, the original owners of the property. On appeal, this court, in affirming the trial court, found that although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts as the original claim, it cannot be used to maintain an entirely separate and independent claim against a third party, even if it arises out of the same general facts as the main claim. See also *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 473 N.E.2d 421.

Appellant makes no allegations that the appellees may be liable to her and John Todd with regard to Bio-Scientific's claim against them for damages allegedly resulting from their operation of a competing lab while in the employ of Bio-Scientific. Rather, appellant's claim against appellees here concerns whether they are liable to her for damages caused by allowing Bio-Scientific to engage in a fraudulent scheme to perform unnecessary medical tests on public aid patients. Although these actions both involve Bio-Scientific and its employees and directors, the two claims are wholly unrelated to one another. Both claims would require the hearing of different evidence and different witnesses. As there would be no reduplication of evidence, the interests of judicial economy and of obtaining consistent results from identical evidence would not be furthered by allowing appellant to add her claim against the appellees to the original action.

Accordingly, the trial court properly dismissed count II of appellant's countercomplaint against appellees.

■ Todd's second contention on appeal is that the trial court erred when it found that the appellees, as officers and directors of Bio-Scientific or in control of the affairs of Bio-Scientific, breached no fiduciary duty to Todd as an individual stockholder, but owed such

duty to the corporation. Appellees maintain in reply that the trial court did not err in making such finding where appellant has failed to sufficiently allege that a fiduciary duty was breached by them to appellant individually.

It is settled that if an injury is incurred by the corporation, then the shareholders can only sue upon a derivative basis and not as individuals. (*Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, 390 N.E.2d 974. See also *Surowitz v. Hilton Hotels Corp.* (7th Cir. 1965), 342 F.2d 596.) A court must initially determine whether the "gravamen" of the pleadings alleges injury to the plaintiff upon an individual claim as distinguished from an injury which affects the shareholders as a whole. *Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, 390 N.E.2d 974; *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805.

■ The question presented here is whether appellant's allegations sufficiently set forth an individual claim, personal to her alone, or whether the injury alleged was in substance caused to the corporation. The substance of appellant's claim is that appellees, as directors and officers of Bio-Scientific, engaged in a fraudulent scheme to perform unnecessary medical tests on public aid patients in order to obtain payments from the Illinois Department of Public Aid. It is agreed that directors and officers of a corporation cannot use their positions to cause the corporation to violate the laws and reap personal gains therefrom. Rather, it is the duty of such persons to manage the affairs of the corporation in a manner which will benefit that corporation. However, this duty is owed to the corporation as any such breach would result in injury to the corporation and the stockholders as a whole, rather than to an individual shareholder. Here, under the allegations of appellant's countercomplaint, the losses allegedly suffered by her are a direct result of her status as a stockholder; accordingly, appellant's cause of action for breach of fiduciary duty owed to her individually was properly dismissed.

Appellant cites several cases in support of her contention that appellees owe a fiduciary duty to her individually; appellant also asserts that Bio-Scientific is a close corporation. It is noted initially that nowhere in appellant's countercomplaint or amended countercomplaint does appellant allege either that Bio-Scientific is a close corporation or allege sufficient facts which would allow the court to find the existence of such a corporation. Moreover, the cases cited by appellant on appeal are irrelevant to the instant case. In *Galler v. Galler* (1964), 32 Ill. 2d 16, 203 N.E.2d 577, where the validity of a stockholders' agreement was at issue, the Illinois Supreme Court noted the differences between a close corporation and a publicly held corporation; the

court found that a minority stockholder in a close corporation was more than a mere investor and opined that his voice should be heard concerning all corporate activity by means of a stockholder agreement. The court did not address the issue of whether a stockholder could bring an action in his own name. Similarly, in *Edward Don & Co. v. Ufland* (1968), 98 Ill. App. 2d 49, 240 N.E.2d 725, the court addressed the matter of who owned that corporation's stock, the issue turned on the interpretation of a stock transaction. In that action, between the corporation's stockholders and its officers and directors, it was not at issue whether or not one of such stockholders could bring a suit against those parties for an alleged breach of their fiduciary duty to the corporation. In *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805, there was an action between the two sole stockholders of a corporation concerning whether a written agreement between the parties which required them to act as partners was valid. This court found that as the allegedly wrongful acts were violations of a duty which arose from a contract and such duty was owed directly by the wrongdoer to the stockholder, such stockholder could seek relief on his own behalf. Here, no such writing existed between appellant and appellees. Lastly, in the case of *Graham v. Mimms* (1983), 111 Ill. App. 3d 751, 444 N.E.2d 549, plaintiffs, two minority stockholders, brought a derivative action on behalf of the corporation as well as individually against defendant, the president, sole director and controlling stockholder. On appeal, it was noted that all fiduciaries owed a duty of loyalty to the person or entity for whom he was acting and found that defendant breached such duty to the corporation when he wrongfully misappropriated corporate assets and opportunities for his personal gain. The court then imposed a constructive trust on defendant's profits in favor of the company. Again, it is noted that in *Graham* the fiduciary duty breached by defendant in committing the described wrongful acts was to the company and to the stockholders as a whole.

We find that any duty owed to appellant by appellees was directly related to her status as a stockholder and not to her individually. Accordingly, count II of appellant's action, which was brought by her individually and not on behalf of Bio-Scientific, was rightfully dismissed.

■ Appellant's third contention on appeal is that the allegedly illegal acts of appellees constituted not only a wrong against the Illinois Department of Public Aid but also a wrong and a breach of fiduciary duty to appellant and to Bio-Scientific. Appellees maintain in reply that there is no authority to support appellant's contentions.

There is no authority to support such argument by appellant that

the alleged violations of the law committed by appellees' officers and directors of Bio-Scientific, constituted a breach of fiduciary duty to appellant as a shareholder. The cases cited by appellant, *Smith-Shrader Co. v. Smith* (1985), 136 Ill. App. 3d 571, 483 N.E.2d 283, and *H. Vincent Allen & Associates, Inc. v. Weis* (1978), 63 Ill. App. 3d 285, 379 N.E.2d 765, are clearly inapplicable to the instant matter, as both cases merely stand for the proposition that the activities of officers and directors may not hinder or defeat the ability of the corporation to continue the business for which it was developed. The fiduciary duties of corporate officers and directors pertain to their business relations within the corporation itself and not to their business affairs with the outside third parties. To hold otherwise would be to subject an officer to the charge of breach of fiduciary duty whenever the corporation became the subject of any criminal investigation or civil litigation.

We find that count II of appellant's countercomplaint against appellees for an alleged breach of fiduciary duty owed to her is without merit.

Accordingly, we affirm the trial court's order dismissing that count of appellant's countercomplaint.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.