IMPORT SALES, INC., Plaintiff, v. CONTINENTAL BEARINGS CORPORATION, Defendant-Appellant (Treesdale, Inc., Defendant; Ray E. Hicks *et al.*, Third-Party Defendants-Appellees).

First District (6th Division)  No. 1—89—1312

Opinion filed May 17, 1991.—Rehearing denied August 8, 1991.—Modified opinion filed August 16, 1991.

Martin, Craig, Chester & Sonnenschein, of Chicago (Don R. Sampen and William A. Kummerer, of counsel), for appellant.

Braun & Rivkin, Ltd., of Chicago (Ira N. Helfgot, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

This is defendant's interlocutory appeal from the trial court's order of April 18, 1989, which granted the Walter Glass and Ray Hicks

section 2—615 motions to dismiss Continental's third-party complaint pursuant to section 2—406(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—406(b)) and striking Continental's second amended counterclaim against Import. In its notice of appeal defendant requests that this court (1) vacate or reverse the April 18 order thereby allowing Continental's amended third-party complaint to stand, or, in the alternative, to allow Continental to file an amended third-party complaint seeking indemnification from Glass and Hicks, and (2) allow Continental's counterclaim against Import to stand, or, in the alternative, to allow Continental leave to file a counterclaim against Glass and Hicks on the theory that they are the alter ego of Import.

In response Glass contends that the April 18 order was proper and should be affirmed. The April 18 order recites in pertinent part "IT IS ORDERED: (1) that Hicks' and Glass' motions to dismiss under [section] 2—406(b) of the Code of Civil Procedure are sustained and that CBC's amended third-party complaint be and is hereby dismissed pursuant thereto with prejudice. (2) It is the express finding of this court, pursuant to Supreme Court Rule 304(a) that there is no just reason for delaying enforcement or appeal of this order with respect to the dismissal of the amended third-party complaint pursuant to section 2—406."

Glass contends that Continental has waived or forfeited its right to appeal three of the four issues raised. Continental has waived the failure of the trial court to permit further amendment of the third-party complaint to seek indemnification because defendant did not request leave to amend. Continental may not appeal the dismissal of its amended counterclaim because it did not request leave to amend to allege an alter ego theory of liability as to Hicks and Glass. Continental may not appeal the order striking the counterclaim against Import since it was not final and appealable and Continental was given leave to replead. Glass contends, therefore, that only the dismissal of the third-party complaint with prejudice is the subject of this appeal.

Hicks contends that the sole issue presented for review is whether the trial court erred in dismissing the third-party complaint of Continental against Hicks and Glass pursuant to section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failing to conform to the requirements of section 2—406(b) (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)). Import Sales, Inc., brought suit against Continental Bearings Corporation and its parent company, Treesdale, Inc., for breach of a contract and breach of a subsequent settlement agreement and for compensatory and exemplary damages. Continental filed a combined

counterclaim against Import and a third-party complaint against Hicks, subsequently amended to include Glass. The trial court dismissed Continental's amended third-party complaint with prejudice on the section 2—615 motion of Hicks and Glass pursuant to section 2—406(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—406(b)) on the ground that the pleading was not a proper third-party complaint.

Continental appealed and expands the issues for our determination to the following considerations: (1) whether the claims alleged against the individual defendants Hicks and Glass in the third-party complaint should have been considered a counterclaim under Illinois Code of Civil Procedure sections 2—608 and 2—614(a) (Ill. Rev. Stat. 1987, ch. 110, pars. 2—608, 2—614(a)), because these defendants were the alter egos of the original plaintiff corporation; (2) whether Continental's counterclaim was sufficiently related to the plaintiff's claim to be maintained as a third-party complaint under section 2—406(b) (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)); (3) whether Continental's amended counterclaim sufficiently alleged a claim for indemnity or contribution to meet the requirements of section 2—406(b) as a third-party action; (4) whether Hicks and Glass are necessary parties to the action; and (5) whether the trial court erred in dismissing the amended counterclaim and third-party complaint with prejudice.

The complaint filed by Import against Continental and Treesdale alleged that on October 28, 1985, Import agreed to purchase from Continental a large quantity of ball bearings for the price of $240,000, and that the purchase price was paid on that date; that Continental was to segregate and warehouse the bearings without additional cost to Import; that from time to time Continental would sell the bearings at a price that would result in a profit to Import and recoupment of Import's initial investment within "a few months"; that Continental would give first priority to resale of these bearings; if Import's investment was not recouped within "a few months," Import reserved the right to remove the bearings or to require Continental to repurchase them at their price plus a profit and interest.

The complaint further alleged that from time to time the bearings were sold but no payment was made to Import. Upon repeated demand by Import, Continental provided an accounting in July 1986, and thereafter Import demanded either payment or delivery of the bearings. Continental agreed to deliver the bearings but Treesdale, as the parent company and new owner, directed Continental to retain them. Import alleged that Continental advised plaintiff that Treesdale directed Continental to change the original agreement on the com-

pany books to reflect a $240,000 advance by Import to Continental in lieu of a purchase agreement and that plaintiff believed this was done to obtain financing using the bearings as security for a loan to Continental. Import contends it did not agree to a rescission of the original contract. In August or September 1986, Continental proposed to settle the claim by paying Import on or before September 26 an amount equal to the purchase price plus interest due plus $48,000, if plaintiff would withhold filing suit and Import agreed to these terms. Nothing was paid, no bearings were returned and plaintiff filed suit, seeking in count I a judgment against both defendants for $320,000 plus additional interest from February 28, 1987, as compensatory damages for breach of contract, and in count II, a judgment against Treesdale for an additional $15,000 in exemplary damages based on defendant's alleged malicious conversion of the bearings and sale proceeds, its inducement of Continental to breach its contract with plaintiff, and misrepresentation as to the settlement agreement.

Continental and Treesdale filed a motion to dismiss the complaint and also filed an answer of general denial of plaintiff's claim and raised four affirmative defenses, alleging (1) that Ray Hicks, as president of Continental at all times relevant and until April 1987, and as a shareholder of Import, was guilty of a conflict of interest and breach of fiduciary duty in that he actively participated in a plan of corporate waste, self-dealing, mismanagement and diversion of corporate business opportunities from Continental to Import; (2) that Hicks and Import fraudulently concealed his interest in Import to induce Continental to rely on Hicks to its detriment, as a result of which Continental was defrauded and damaged; (3) that Hicks advised Continental that he had personally paid off the $240,000 by virtue of loans he had obtained, and therefore his statement was an admission against the interests of Import and the amount was no longer due and owing to plaintiff; (4) that the transactions complained of are barred by the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 59, par. 1 *et seq.*); and, therefore, that Import's recovery was barred for all of these reasons.

In addition to its answer to the complaint, Continental filed a combined counterclaim and third-party complaint against Import and Hicks which pleading was stricken on plaintiff's motion. By subsequent amendments Continental filed its amended counterclaim and third-party complaint against Import, Hicks and Glass, wherein Continental alleged a conspiracy by Import, Ray Hicks and Walter Glass to defraud Continental and to divert corporate business opportunities from Continental to Import, which alleged conspiracy spanned the

years 1977 to 1987. The counterclaim and third-party complaint alleged numerous specific instances of improper and unauthorized conduct by Hicks, including but not limited to the underlying $240,000 transaction on which the original complaint is based and alleged that all such conduct was undertaken by Import, Hicks and jointly by Hicks and Glass as Import's alter ego with intent to injure Continental and to effectively destroy Continental as a viable business entity. The prayer of the combined amended counterclaim and third-party complaint sought an accounting, compensatory and punitive damages and the imposition of a constructive trust in favor of Continental on the profits of Import and on the interest paid by Continental to Import, Hicks and Glass.

Import and Glass filed motions to dismiss the amended counterclaim and amended third-party complaint under section 2—619 as an action not commenced within the statute of limitations period, under section 2—615 for legal insufficiency, and under section 2—406(b) for a third-party complaint exceeding the claim of the underlying complaint. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619, 2—406(b).) Hicks separately moved to dismiss the amended counterclaim and amended third-party complaint on similar grounds. Continental filed its response and all parties filed supporting memoranda.

Following a hearing on April 4, 1989, the trial court struck Import's and Glass' section 2—619 motions to dismiss without prejudice "depending on the resolution of the 2—615 motion to dismiss." On April 18, 1989, following a hearing, the trial court granted the Hicks and Glass section 2—615 motions to dismiss under section 2—406(b), the court ordered that the amended third-party complaint was dismissed with prejudice and that ruling was made final and appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The motions to strike the amended counterclaim under section 2—615 were granted with Continental given leave to replead.

Continental has appealed the trial court's section 2—615 dismissal of its amended third-party complaint with prejudice on section 2—406(b) grounds.

The record discloses that thereafter Continental on May 19, 1989, filed a seven-count second amended counterclaim in the original action against Import and a separate suit (89—L—07875) against Hicks and Glass alleging in 10 counts their scheme to fraudulently divert Continental's assets and corporate opportunities. Glass moved to dismiss the later suit on the ground that, because the counterclaim alleges that he and Hicks are alter egos of Import, there already existed a suit between the same parties on the same issues in the original litiga-

tion contrary to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Hicks filed his separate motion to dismiss on similar grounds. Thereafter Continental filed its motion to consolidate the new action with the original action and counterclaim, and objections to the consolidation motion were filed.

On November 9, 1989, while this appeal was pending and after responsive briefs were filed by Hicks and Glass, the trial court granted the motion to consolidate the pending action (87—L—03984) with the complaint subsequently filed (89—L—07875), thus joining all the claims of the parties against each other into one suit. The court denied the motions to dismiss in the later-filed suit based on another action pending under section 2—619. These pleadings are not at issue in this appeal.

The posture of the case now appears to be that Continental has abandoned its attempt to proceed against Import, Hicks and Glass jointly in a third-party complaint alleging 10 years of wrongdoing by them intended to destroy Continental as a viable business entity by its filing of a separate complaint in a new cause of action alleging the same conduct against Hicks and Glass, and by amending its counterclaim against Import only in the original suit. In its reply brief here Continental contends that, when the court was asked by Glass' attorney whether the denial of motions to dismiss the later-filed complaint and the entry of an order consolidating the two cases rendered this appeal moot, the trial court responded that the appeal would not be mooted.

Continental submits that the appeal is not mooted for two reasons: first, Hicks or Glass could attempt an interlocutory appeal from the November 9, 1989, order of consolidation and denial of motions to dismiss, and, second, the order dismissing the amended third-party complaint with prejudice under section 2—406(b) clouds Continental's right to proceed under the 1989 complaint. We agree that the dismissal of the amended third-party complaint with prejudice creates a question as to its *res judicata* effect on the later-filed litigation, subsequently consolidated with the original suit.

■ We initially note that when faced with a motion to strike and dismiss brought under either section 2—615 or section 2—619 (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619), the trial court must take all well-pleaded allegations in the complaint as true. *Skinner v. Reed-Prentice Division Packing Machinery Co.* (1977), 70 Ill. 2d 1, 14, 374 N.E.2d 437, 442, *cert. denied* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849; *Coughlin v. SeRine* (1987), 154 Ill. App. 3d 510, 513, 507 N.E.2d 505, 508; *Evans v. Control Products Corp.*

(1979), 73 Ill. App. 3d 681, 684, 392 N.E.2d 239, 241; *Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 501, 301 N.E.2d 41, 44, *aff'd* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.

Here we are concerned only with the propriety of the section 2—615 dismissal based on the grounds that the amended counterclaim/third-party complaint failed to conform to the requirements of section 2—406(b). Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—406(b).

Continental's attempt to file an appropriate counterclaim against Import and an appropriate third-party complaint against Hicks and Glass resulted in a hybrid pleading which did not delineate where the counterclaim left off and the third-party complaint went forward. In its all-inclusive allegations Continental charged Import, Hicks and Glass with many breaches of contract, fiduciary duty and fraud over a long period of time. While Continental may bring a counterclaim for any and all claims it might have against plaintiff Import, the strictures as to what Continental might allege against nonplaintiffs Hicks and Glass are limited to a third-party action for contribution or indemnity on the original Import claim and no other.

The amended counterclaim and third-party complaint alleges throughout that Hicks acted as president of Continental and that he breached his fiduciary duty to his employer over a 10-year period. The pleading alleges the formation and subsequent incorporation of Import by Glass and Hicks and concludes therefrom that "Glass and Hicks consequently are the alter egos of Import with respect to the matters alleged" and are as liable to Continental as Import is liable.

Continental contends that Hicks and Glass are alter egos of Import and cites *McCracken v. Olson Cos.* (1986), 149 Ill. App. 3d 104, 109, 500 N.E.2d 487, for its proposition that as alter egos of Import the identities of Import, Hicks and Glass merged. Therefore, by filing the Import complaint, Hicks and Glass were parties plaintiff from the start. Defendant argues that because the individuals were original parties, Continental can assert any and all claims against them under section 2—614(a) by way of counterclaim without limitation, and they need not be brought into the litigation individually by a third-party complaint limited to the original controversy as defined by Import's complaint.

Continental concludes that the dismissal of the third-party defendants and more specifically of Hicks and Glass from the litigation was error.

■ The Illinois Code of Civil Procedure provides at section 2—608(a) that "[a]ny claim by one or more defendants against one or more plaintiffs, or against one or more codefendants *** may be

pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—608(a).) Section 2—614 provides: "(a) *** the defendant may set up in his or her answer any and all cross claims whatever, whether in the nature of recoupment, setoff or otherwise, which shall be designated counterclaims." (Ill. Rev. Stat. 1987, ch. 110, par. 2—614 (a).) Accordingly, the counterclaim filed by Continental may only be directed against Import or Continental's codefendant Treesdale, and may include "any and all cross claims whatever."

█ We first consider Continental's argument that as the alter egos of Import, Hicks and Glass are necessary parties and their joinder and presence is required for a complete determination of all controversies between Import and Continental/Treesdale. Continental cites in support the cases of *In re Application of Busse* (1986), 145 Ill. App. 3d 530, 535, 495 N.E.2d 1188, *Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 144 Ill. App. 3d 943, 494 N.E.2d 630, and *Ragsdale v. Superior Oil Co.* (1968), 40 Ill. 2d 68, 237 N.E.2d 492. A necessary party is one with a present, substantial interest in the subject matter of the litigation without whose participation a complete resolution cannot be had. *Chariot Holdings, Ltd. v. Eastmet Corp.* (1987), 153 Ill. App. 3d 50, 61, 505 N.E.2d 1076; *Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 643-44, 463 N.E.2d 195, 201.

Hicks is alleged to have acted as president and registered agent of Continental and as such representative is alleged to have knowledge of facts affecting the litigation. The complaint alleges no such knowledge or relationship on the part of Glass. Continental's only argument for inclusion of Glass in this suit is the fact that he was president of Import and together with Hicks owned all the stock of the plaintiff corporation.

Hicks contends that a necessary party is one who has a present, substantial interest in the matters being litigated and without whose presence resolution of the controversy cannot be achieved without affecting that interest. (*Chariot Holdings, Ltd. v. Eastmet Corp.* (1987), 153 Ill. App. 3d 50, 61, 505 N.E.2d 1076.) He argues that the $240,000 transaction was between Import and Continental. He suggests that the necessary party and the alter ego arguments of Continental are efforts to use selected provisions of the Illinois Code of Civil Procedure to override the requirements of section 2—406(b), which was rejected by the court in *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 201, 496 N.E.2d 1104.

Glass responds to the "necessary parties" argument with the observation that the argument assumes that Continental will be able to pierce the corporate veil which requires proof rather than the mere allegation of an alter ego relationship. Glass also contends that, even if the alter ego relationship exists, nonjoinder of Hicks and Glass would not be reversible error since their individual interests would be adequately represented by Import. *Central National Bank v. Fleetwood Realty Corp.* (1982), 110 Ill. App. 3d 169, 441 N.E.2d 1244.

We reject Continental's argument that Hicks and Glass were original parties. The original parties to the controversy as framed by the complaint were Import as plaintiff and Continental and Treesdale as defendants. Hicks and Glass, then, are new parties to be added in strict compliance with the appropriate statutory requirements of the Illinois Code of Civil Procedure.

■ Where new parties, deemed by defendant to be necessary parties, are to be added, section 2—405 provides that new interested or necessary parties may be added:

"(a) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." Ill. Rev. Stat. 1987, ch. 110, par. 2—405(a).

Continental alleges it was error for the trial court not to require Hicks and Glass to remain in the suit. Defendant as third-party plaintiff alleged in its pleading that Hicks and Glass as incorporators of Import are the alter egos of the corporation and as such are necessary parties.

■ ■ The mere formation of a corporation does not support the legal conclusion that its incorporators and/or shareholders, officers or directors are alter egos of the corporation. One of the primary purposes of doing business as a corporation is to insulate shareholders from unlimited liability for corporate activity. (*CM Corp. v. Oberer Development Co.* (7th Cir. 1980), 631 F.2d 536.) Stock ownership by itself by another entity in and of itself does not create an identity of interest between the two as an alter ego even where the corporation is closely held. (*Central National Bank v. Fleetwood Realty Corp.*

(1982), 110 Ill. App. 3d 169, 181, 441 N.E.2d 1244.) A corporation is a legal entity that exists separate and apart from its shareholders, directors and officers. *Main Bank v. Baker* (1981), 86 Ill. 2d 188, 204, 427 N.E.2d 94, 101.

The corporate identity will be disregarded and the veil of limited liability pierced only where it is necessary to do so to protect private rights or when the corporation is merely the alter ego or the business conduit of the governing or dominant personality. (*Macaluso v. Jenkins* (1981), 95 Ill. App. 3d 461, 464, 420 N.E.2d 251; *McCracken v. Olson Cos.* (1986), 149 Ill. App. 3d 104, 109, 500 N.E.2d 487; *Froehlich v. Froehlich* (1981), 93 Ill. App. 3d 179, 183, 416 N.E.2d 1134; *Berlinger's, Inc. v. Beef's Finest, Inc.* (1978), 57 Ill. App. 3d 319, 325, 372 N.E.2d 1043.) To justify piercing the corporate veil, there must be such unity of ownership interest that to adhere to the separate corporate existence would sanction a fraud. *Macaluso*, 95 Ill. App. 3d at 464.

Where defendant contends that parties not named in the original complaint as plaintiff or defendant (here parties other than Import, Continental and Treesdale) are necessary participants to achieve a complete determination of the matter in controversy, they shall be added by the filing of a third-party complaint, and such newly added party shall be served with process. (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).) Section 2—406(b) specifically provides "a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of plaintiff's claim against him or her." Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).

Glass contends that he raised two bases for his objection to the amended pleading in the trial court: (1) that the amendment was an entirely separate and independent claim; and (2) that the amendment did not seek indemnity or contribution from Hicks and Glass. He argues further that Continental did not seek leave to amend its counterclaim to allege they were alter egos of Import. He cites *Main Bank v. Baker* (1981), 86 Ill. 2d 188, 204, 427 N.E.2d 94, for the principle that a corporation is a separate and distinct legal entity from its shareholders, directors and officers. Glass contends that Continental misconstrues the *McCracken* case when he proposes that by merely alleging an alter ego relationship among Import, Hicks and Glass, their identities are merged and therefore they are "original parties" to the suit and the pleading is properly a counterclaim against them. (*McCracken v. Olson Cos.* (1986), 149 Ill. App. 3d 104, 109, 500 N.E.2d 487.) Glass argues that more is required. Only when a corporation is

found to be merely the alter ego or business conduit of a controlling or dominant personality will the veil of limited liability be pierced and the corporate identity disregarded. *McCracken*, 149 Ill. App. 3d at 109.

Hicks contends that where the scope of a third-party complaint goes beyond the framework of the original complaint, it becomes more than a claim for indemnity and contribution and thus violates the restrictions of section 2—406(b). (*Bio-Scientific Clinical Laboratory, Inc. v. Todd* (1986), 149 Ill. App. 3d 845, 848, 501 N.E.2d 192; *Filipponio v. Bailitz* (1979), 73 Ill. App. 3d 389, 393, 392 N.E.2d 23; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1021, 473 N.E.2d 421; *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 202, 496 N.E.2d 1104.) Here Continental's recovery for 10 years of broad-ranging transactions was in no way dependent on the outcome of Import's narrow claim against Continental.

Import's claim against Continental and Treesdale concerns the alleged contract for a $240,000 purchase of ball bearings and the alleged breach of that contract by Continental and Treesdale. Therefore, within the parameters of the controversy as framed by the complaint, new parties who may be liable to Continental for all or part of the $240,000 claim may only be brought into the litigation by third-party complaint under sections 2—405(a) and 2—406(b). The counterclaim filed by Continental may only be directed against Import or Continental's codefendant Treesdale, and may include "any and all cross claims whatever" under sections 2—608(a) and 2—614(a). The counterclaim is unlimited as to the claims appropriately brought against Import. However, as to the newly added parties, the allegation that Hicks breached a fiduciary duty owed to Continental and that Hicks and Glass colluded to defraud Continental, all as the alter egos of Import, could have been raised as a third-party complaint only in the limited context of the $240,000 contract and only if the defendant had grounds to seek indemnification or contribution from them should Import be successful on a trial of its underlying complaint.

Clearly the pleading characterized as an amended counterclaim and third-party complaint here fails the test. The allegations in this pleading are far reaching and greatly expanded from the single contract which plaintiff has delineated to be "the controversy" and under the Illinois Code of Civil Procedure may not be brought against new parties by a third-party complaint. An analysis of the precedential authority leads us to the inescapable conclusion that the section 2—615 motions to dismiss based on failure to meet the requirements of sec-

tion 2—406(b) filed by Glass and Hicks were properly granted by the trial court. We will not reverse the dismissal of the third-party complaint.

The court in *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104, considered a third-party complaint filed by Conrail against Republic Steel in a personal injury suit filed against Conrail in which defendant sought indemnification and contribution for any damages it was required to pay to plaintiff, and additionally sought recovery for damages to defendant's property as a result of the derailment and damages by way of indemnification for its payment to Chandonia in settlement of an unrelated and separate FELA action. The motion to dismiss filed by Republic was granted as to the property damages claim and as to the indemnity claim for settlement of the unrelated FELA action.

The *Ketcham* court held that the third-party requirements of section 2—406(b) are not expanded by section 2—614 to permit a third-party plaintiff to join independent claims against a third-party defendant. (*Ketcham*, 146 Ill. App. 3d at 201.) Section 2—406(b) limits the third-party complaint to only those claims for which a newly joined party is or may be liable to the original defendant for all or part of original plaintiff's claim against him.

Third-party practice cannot be used to maintain an entirely separate claim, other than the original plaintiff's claim against the original defendant, even if it arises out of the same general set of facts as the main claim. (*Filipponio v. Bailitz* (1978), 73 Ill. App. 3d 389, 392, 392 N.E.2d 23; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1021, 473 N.E.2d 421, *aff'd* (1986), 112 Ill. 2d 378, 493 N.E.2d 1022.) A third-party complaint must state a cause of action and disclose some relationship upon which a duty to indemnify may be predicated. *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231-32, 234 N.E.2d 790; *Templeton v. Blaw-Knox Co.* (1977), 49 Ill. App. 3d 1057, 1059, 365 N.E.2d 235; *Vassolo v. Comet Industries, Inc.* (1975), 35 Ill. App. 3d 41, 44, 341 N.E.2d 54.

Although counterclaims directed against original parties need not be germane to matters brought in the complaint, where additional parties are brought in, the subject matter of the claim against them must arise out of the same transaction as that pleaded in the complaint. (*Bio-Scientific Clinical Laboratory, Inc. v. Todd* (1986), 149 Ill. App. 3d 845, 848, 501 N.E.2d 192.) Section 2—406(b) precludes the bringing in of new parties, if the third-party complaint is unrelated to the original complaint and if the cause of action against the third-party complaint is not one for indemnity or contribution. (*Bio-Scien-*

*tific v. Todd,* 149 Ill. App. 3d at 848.) Where the scope of the third-party complaint goes beyond the framework of the original complaint, it becomes more than a claim for indemnity or contribution.

Continental asserts the "fact that the scope of the amended third-party complaint is broader than the scope of Import's complaint does not make it improper." Continental argues that Glass and Hicks are alter egos of Import and, by filing the Import complaint, they therefore are original parties to the suit and under section 2—614(a) Continental can assert any and all claims against them by way of counterclaim regardless of their relation to the claim asserted by the plaintiff. Continental contends that therefore they need not be brought into the suit individually by third-party complaint nor is Continental's claim against them limited to the original controversy as defined by Import's complaint. Continental states that its labelling of the pleading as an amended counterclaim and third-party complaint was the result of "an abundance of caution" but that this designation does not affect its sufficiency as a counterclaim. For all of the reasons discussed, we do not agree that Continental's claim against Glass and Hicks is a counterclaim.

We are concerned here only with the propriety of the trial court's April 18, 1989, ruling under section 2—406(b) which dismissed Continental's amended third-party complaint against Hicks and Glass with prejudice. The court's dismissal of the amended counterclaim under section 2—615 was not a final order inasmuch as defendant was given leave to amend, and subsequent to filing this appeal, defendant did amend. Therefore we will not consider it in this appeal.

We next consider Continental's assertion that the trial court erred in entering the order of dismissal of the third-party complaint "with prejudice" and that the dismissal order should not operate as an adjudication on the merits so as to bar a separate action against Hicks or Glass.

Initially we note that the underlying complaint by Import against Continental was based upon a $240,000 contract action. The third-party complaint brought by Continental against Hicks and Glass sought recovery for both the $240,000 contract dispute and for allegedly wrongful actions by Hicks and Glass over a 10-year period. Although the third-party complaint did not specifically refer to indemnity or contribution, the only way in which Continental could bring Hicks and Glass into the litigation as third-party defendants was by claiming that it was entitled to indemnity or contribution from them as to the original Import claim. Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).

The trial court's dismissal of the third-party complaint was entered pursuant to section 2—406(b). Thus, the trial court concluded that Continental had failed to adequately state a claim for contribution or indemnity against Hicks and Glass and dismissed the complaint under section 2—615.

Illinois Supreme Court Rule 273 provides as follows:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

A dismissal with prejudice is an adjudication on the merits and a final disposition, barring the right to bring or maintain an action on the same claim or cause. It is *res judicata* as to every matter litigated. Black's Law Dictionary at 421 (5th ed. 1979).

Continental has alleged that Hicks and Glass are the alter egos of Import and that Import, Hicks and Glass, as one entity, are jointly liable to Continental in fraud. Yet, a third-party complaint is properly brought only where a defendant raises a claim for contribution or indemnity from one jointly liable with the defendant for the injury or loss asserted by the plaintiff in the original complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).) In this case, Hicks and Glass are alleged to have acted in concert with Import, the plaintiff, and not with Continental, the defendant. Therefore, Hicks and Glass could not under any allegations of fact be liable to Continental under a contribution or indemnity theory.

Because Continental could never bring a claim for contribution or indemnity against Hicks and Glass, the trial court's involuntary dismissal of those counts with prejudice was proper and was an adjudication on the merits under Supreme Court Rule 273 (134 Ill. 2d R. 273). We find, however, that the dismissal was a final adjudication only as to Continental's attempt to bring a third-party complaint against Hicks and Glass which was not limited to the underlying cause of action and based upon joint liability for the plaintiff's loss.

Since the dismissal of the third-party complaint operates as a bar and is *res judicata* only as to Continental's attempt to bring a third-party complaint against Hicks and Glass, which it could not do, the dismissal order would not preclude Continental from bringing a separate action against Hicks and Glass which is premised upon a different theory. See *Fender v. St. Louis Southwestern Ry. Co.* (1979), 73 Ill. App. 3d 522, 526, 392 N.E.2d 82, 85; *Schlossberg v. E.L. Trendel & Associates* (1978), 63 Ill. App. 3d 939, 942, 380 N.E.2d 950, 954.

For all of the foregoing reasons, we reverse the trial court order of dismissal with prejudice and remand the cause for the entry of an order of dismissal without prejudice.

Reversed and remanded with instructions.

RAKOWSKI, P.J., and EGAN, J., concur.